In the Matter of the Judicial Settlement of the Account of JAMES REGAN, as Executor and Trustee under the Will of JOHN FEEHAN, Deceased, Respondent.

PERCY D. ADAMS et al., Appellants.

1. APPEAL — SURROGATE'S ORDER VACATING SATISFACTION OF DECREE MADE IN DISREGARD OF ATTORNEYS' LIEN IS A FINAL ORDER IN A SPECIAL PROCEEDING. An application by attorneys in a proceeding in a Surrogate's Court for an accounting, to vacate the satisfaction of a decree rendered therein, on the ground that it was executed in disregard of their lien for services and by collusion, after notice of the lien to the executor and to the distributees, is a special proceeding, and an order of the surrogate vacating the satisfaction is a final order in that proceeding, reviewable by the Court of Appeals.

2. ATTORNEY AND CLIENT — LIEN FOR SERVICES RENDERED IN SURROGATE'S COURT. An attorney has a lien, for services rendered in a Surrogate's Court, upon a decree in a probate matter, made before the amend-

ment of section 66 of the Code of Civil Procedure giving an attorney a lien in a special proceeding took effect, and upon his application, when the amount thereof has been liquidated by a judgment at law, the surrogate has power to protect the lien by vacating a satisfaction of the decree made in disregard of the attorney's rights.

*Matter of Regan*, 58 App. Div. 1, reversed.

(Argued April 16, 1901; decided June 4, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 2, 1901, which reversed an order of the Surrogate's Court of New York county vacating in part a decree on the final accounting of James Regan as executor and trustee under the will of John Feehan, deceased.

The facts, so far as material, are stated in the opinion.

*Louis Marshall* and *James W. Hyde* for appellants. The order appealed from is a final order in a special proceeding, and is, therefore, reviewable here. (*Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 520.) The respondent, having had notice of the existence of a lien in favor of the appellants on the distributive shares of their clients in the estate of John Feehan for their compensation and disbursements, any payment made by him in settlement, after the rendition of the decree, became ineffectual as against the appellants. (*Rooney* v. *S. A. R. R. Co.*, 18 N. Y. 368; *Marshall* v. *Meech*, 51 N. Y. 143; *Whitehead* v. *Kennedy*, 69 N. Y. 462; *Matter of Knapp*, 85 N. Y. 297; Code Civ. Pro. §§ 2, 2528; *Chatfield* v. *Hewlitt*, 2 Dem. 191; *Goodrich* v. *McDonald*, 112 N. Y. 157; *Randall* v. *Van Wagenen*, 115 N. Y. 531; *Coughlin* v. *N. Y. C. & H. R. R. R. Co.*, 71 N.Y. 443.) The lien of the appellants having attached to the decree procured by them, and the respondent having undertaken to procure a discharge of the decree after notice of their equities, the Surrogate's Court had the right so to control its records as to enable its officers to enforce their lien by means of legal process. (Code Civ. Pro. §§ 2, 4, 7; *Sipperly* v. *Baucus*, 24 N. Y. 46; *Hyland* v. *Baxter*, 98 N. Y. 610; *Heermans* v. *Hill*, 2 Hun,

409 ; *Matter of Henderson*, 33 App. Div. 546 ; 157 N. Y. 423 ; *Matter of Wilcox*, 1 Misc. Rep. 55 ; *Matter of Flynn*, 136 N. Y. 291 ; *Flint* v. *Van Dusen*, 26 Hun, 606 ; *Matter of Fernbacher*, 18 Abb. [N. C.] 1 ; *Eisner* v. *Avery*, 2 Dem. 466 ; *Bailey* v. *Murphy*, 136 N. Y. 50.)

*Bernard J. Tinney* for respondent. The Court of Appeals has no jurisdiction to review the order of the Appellate Division. The order appealed from is not an order "finally determining" a special proceeding. There was no special proceeding pending when the motion was made. The accounting was closed when the satisfactions were filed. (Code Civ. Pro. § 190 ; *Ray* v. *N. Y. B. E. R. R. Co.*, 155 N. Y. 102 ; *Merriam* v. *W. & P. L. Co.*, 155 N. Y. 136 ; *Van Arsdale* v. *King*, 155 N. Y. 325 ; *City of Johnstown* v. *Wade*, 157 N. Y. 50 ; *Matter of Small*, 158 N. Y. 128 ; *Matter of Baldwin*, 158 N. Y. 713 ; *People ex rel.* v. *Barker*, 155 N. Y. 308 ; *Matter of Health Dept.* v. *Dassori*, 159 N. Y. 245.) The appellants had no lien on the decree entered upon the judicial settlement of the account of the executor under the Code of Civil Procedure as it existed when the motion was made. The section at that time related only to an action, and gave to an attorney a lien on the client's cause of action, claim or counterclaim. (Code Civ. Pro. § 66 ; *Matter of Lexington Ave.*, 157 N. Y. 678 ; 30 App. Div. 602 ; *Roe* v. *Boyle*, 81 N. Y. 306.)

O'BRIEN, J. The original proceeding in this matter was brought in the Surrogate's Court by the heirs at law and next of kin for an accounting and distribution by the executor and trustee of the will of one John Feehan, deceased. The application resulted in a decree of the surrogate entered on the 12th of December, 1898, whereby it was adjudged that there was in the hands of the executor $8,001.67 for distribution. The executor was directed by the decree to distribute this sum, after deducting all payments for commissions and charges *pro rata* to five persons, who claimed as distributees under the will, the sum to be distributed to each

heir being the sum of $1,522.07. The decree also directed
the executor to pay the costs and disbursements of the appli-
cation, which were adjusted at $590.60. This proceeding for
an accounting was conducted by the attorneys in whose behalf
the present application is made upon the retainer of the peti-
tioners and distributees under the will. Subsequently, and
on the 14th of December, 1898, transcripts of this decree
were filed in the office of the county clerk, one for costs and
the other five representing the amounts awarded to each of
the heirs at law and next of kin instituting the proceeding;
and subsequently releases and satisfactions of the decree and
of the amounts payable thereunder respectively were filed in
the Surrogate's Court and the decrees marked satisfied. Sub-
sequently, and in June, 1899, the attorneys who had con-
ducted the proceedings for the accounting applied to the sur-
rogate by petition and upon notice to vacate the satisfaction
of the decree in his office as having been made in disregard of
their rights and their lien upon the judgment or decree for
compensation. Prior to this time the attorneys had brought
an action against their clients, the heirs and next of kin, to
recover compensation for the services rendered in the pro-
ceeding. They recovered judgment, and an execution thereon
was returned unsatisfied. The surrogate, after a hearing,
granted the application of the attorneys and directed the
decree of settlement and distribution to be amended in cer-
tain respects and vacated the satisfaction to the extent of the
lien of the attorneys upon the same. The order also vacated
the satisfaction entered upon the transcripts of the decree
filed in the county clerk's office. The Appellate Division
reversed the order of the surrogate vacating the satisfaction
on the ground that he was without jurisdiction in the matter,
and from this order of reversal the attorneys have appealed to
this court.

We think that the application made by the attorneys to
vacate the satisfaction of the decree on the ground that it was
made in disregard of their lien and by collusion after notice
of the lien to the executor and to the distributees was a

special proceeding and that the order of the surrogate vacating the satisfaction pieces was a final order in that proceeding and so is reviewable in this court. (*Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521; *Van Arsdale* v. *King*, 155 N. Y. 325.)

The principal question involved in the appeal is whether the attorneys had a lien upon the judgment or decree of the surrogate directing distribution for their reasonable compensation for professional services in that court resulting in a favorable judgment to the petitioners. Section 66 of the Code, as it now stands, secures to the attorney a lien for services not only in an action but in a special proceeding as well, and this was a special proceeding. At the time that the decree was entered, however, the Code had not been amended so as to embrace within the scope of the section a lien in favor of an attorney in a special proceeding, and the right of the attorneys in this case must be determined independently of the provisions of the Code as they now stand. It has been held that an attorney had no lien upon a decree procured in a Surrogate's Court (*Flint* v. *Van Dusen*, 26 Hun, 606), but the decision in that case was placed upon the ground that the Surrogate's Court was not then a court of record; that in such courts there are no attorneys in the sense in which that term is used in courts of record and that it is only in respect to the parties' character as attorney and client that the claim to a lien exists. It was also said that courts not of record, possessing only a limited jurisdiction, had no such equitable control over their judgments as would enable them to adjudicate upon and enforce liens thereon. But this situation has been entirely changed by subsequent legislation embraced within the provisions of the Code; not only are Surrogate's Courts expressly declared to be courts of record and classified with the other courts of record in the state, but the right of parties to appear by attorney is expressly recognized (Code, § 2528), and that court has sometimes exercised the power to protect the lien of attorneys for services rendered in probate matters. (*Matter of Fernbacher*, 18 Abb. [N. C.] 1; *Eisner* v. *Avery*, 2

Dem. 466.)   It seems to us that the power of the Surrogate's
Court to protect the lien of an attorney has been assimilated by
modern legislation to the power exercised in that respect by the
Supreme Court and the other courts of record of the state.
There is now no reason that we can perceive for denying this
power to a court that exercises such extensive jurisdiction over
persons and property.   An attorney, duly admitted to practice
in all the courts of record of the state, is an attorney of the
Surrogate's Court, and his functions as an officer of that court
are quite as important to the community and to his clients as
the services that he may perform in any other court.   Assum-
ing that there is no distinction with respect to the lien in
question between the claim of an attorney for professional
services in the Surrogate's Court and that for services in any
other court, the conclusion must follow that in this case the
attorneys had a lien upon the decree entered by the surrogate
for their reasonable compensation, and the surrogate had
power to protect it by vacating the satisfaction of the decree
made in disregard of their rights.   The amount due the attor-
neys had been liquidated by a judgment at law, and hence the
surrogate was not required to determine their value.   (*Bailey*
v. *Murphy*, 136 N. Y. 50.)   It must be regarded as settled
law in this state that an attorney who has procured for his
client a judgment or decree has a lien upon the same for his
compensation, and this lien is not confined to mere taxable
costs but to such sum as he is entitled to receive under his
retainer or under an agreement expressed or implied.   (*Mar-
shall* v. *Meech*, 51 N. Y. 143; *Rooney* v. *Second Ave. R. R.*,
18 N. Y. 368; *Whitehead* v. *Kennedy*, 69 N. Y. 462; *Matter
of Knapp*, 85 N. Y. 297; *Goodrich* v. *McDonald*, 112 N.
Y. 157; *Randall* v. *Van Wagenen*, 115 N. Y. 531; *Cough-
lin* v. *N. Y. C. & H. R. R. R. Co.*, 71 N. Y. 443.)

The Surrogate's Court has power independently of any
statute to exercise control over its own records and to vacate
its own decrees for mistake, fraud or clerical error.   It must
be deemed to possess the incidental powers in that respect
common to all courts or officers exercising judicial functions.

(*Matter of Henderson*, 157 N. Y. 423; *Hyland* v. *Baxter*, 98 N. Y. 610; *Sipperly* v. *Baucus*, 24 N. Y. 46; *Heermans* v. *Hill*, 2 Hun, 409; Code, §§ 1269, 2481; *Matter of Flynn*, 136 N. Y. 287.) The cases which hold that the surrogate has no jurisdiction to set aside or vacate releases or instruments impeached for fraud, and which affect the property rights of litigants in his court, have no application to the question now under consideration. There is power to protect the lien of an attorney upon the judgment or decree quite independent of any question of actual fraud or collusion. The power may be exercised in the interest of fairness and justice. If a client, after receiving the benefits of his attorney's services in procuring a judgment or decree, settles and satisfies the decree in disregard of the rights of the attorney, the right of the latter to apply to the court for relief is the same whether there is actual fraud or not. This right may, it is true, be affected by the question whether the client is able pecuniarily to respond to the attorney's claim for compensation, but there does not appear to be any question of that character here. The return of an execution unsatisfied against the clients would seem to be sufficient *prima facie* to entitle the attorneys to some relief in the court where the judgment was rendered. The extent of the power exercised by the surrogate in this case was to vacate the satisfaction of the decree. We think that he had power in that regard and that is the only question before us. We are not called upon now to decide whether the surrogate can do anything more. It may be that the claim of the attorney is now to be enforced against the executor in his individual capacity or against the client personally. All we hold now is that the surrogate had power to vacate the satisfaction of the decree and that the proof before him was sufficient to justify the exercise of such power; so, we think that the order of the Appellate Division should be reversed, with costs, and that of the surrogate affirmed.

PARKER, Ch. J., BARTLETT, MARTIN, VANN, LANDON and CULLEN, JJ., concur.

Ordered accordingly.