### In re EVANS' WILL.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

APPEAL — MOTION FOR REARGUMENT — GROUNDS — REVERSAL OF AUTHORITY CITED.

    Where an authority cited on an incidental matter by the supreme court in deciding a cause is afterwards reversed by the court of appeals, such reversal will not constitute a ground for a reargument in the supreme court.

On motion for reargument. Motion denied.

For prior opinion, see 69 N. Y. Supp. 482.

Reargued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

PER CURIAM. This motion is made for the reason that the Case of Regan, 58 App. Div. 1, 68 N. Y. Supp. 527, which was referred to in the opinion herein (In re Evans' Will, 58 App. Div. 502, 69 N. Y. Supp. 482), which was handed down on March 22, 1901, was reversed by the court of appeals by a decision handed down June 27, 1901 (167 N. Y. 338, 60 N. E. 658); and, because the Regan opinion was not handed down until June 27th, this motion for a reargument was not made, as the rule requires, for "the term succeeding that upon which the appeal was decided," namely, in February, 1901. Passing that point, however, it is sufficient, for the purposes of this motion, to show that the Case of Regan was not an authority upon which our decision rests. Therein it was said:

Whether the right "is reserved to the attorney in the proceedings to contest the probate of a will in the surrogate's court, and to that end prevent the withdrawal of objections by the clients to the probate, or be allowed to continue the contest in his own behalf, is the question presented for our determination. In reaching a conclusion on this point it is unnecessary for us to consider whether the settlement made was fraudulent, * * * because these were questions which the surrogate had no jurisdiction to determine [citing In re Regan, 58 App. Div. 1, 68 N. Y. Supp. 527]. * * * It follows that we must consider the rights of the attorney unaffected injuriously or beneficially by these charges, and we must also keep in mind the distinction between the character of a lien acquired in an action and one in a special proceeding. * * * Until the amendment of 1899 [chapter 61, Laws 1899] an attorney acquired no lien in a special proceeding. * * * If, however, we assume that Mr. Keane is entitled to the benefit of the amendment by reason of services rendered after the amendment became a law, the conclusion, we think, is the same. His clients, without his consent, had the legal right to settle, irrespective of the express provision in the agreement which accorded them that right; * * * and upon this branch of the subject we must hold, both under the agreements and under the law, aside from the agreements, Mr. Keane's clients were legally entitled to settle without his consent. * * * In no sense did he become substituted in the place and stead of his clients; nor are his rights such that, to the detriment of all the others interested in the estate, he may be permitted to continue the litigation. * * * If we assume, therefore, without deciding, that the surrogate's court has power to enforce the lien, it by no means follows that the attorney will be permitted to enforce it in the manner he may elect, the question of remedy being one over which the court has control. * * * As stated, the clients had the right to make the settlement. * * * Having made the settlement, either or both may, in a proper action or proceeding, be liable to the attorney. * * * Clearly, the attorney could not file objections in his own behalf. * * * For this reason, as well as those given by the learned surrogate, we think the order appealed from should be affirmed, with costs."

Presiding Justice Van Brunt concurred upon the ground that the appellant was precluded from objecting to the settlement by the terms of the agreement. It thus appears that the Regan Case was cited in the discussion upon a point that was merely incidental, and that the conclusion reached was in no way affected by that case as an authority.

The motion for reargument should therefore be denied, with $10 costs.