creditors, who had an interest in continuing the imprisonment or restraint, or to their attorneys, the court ordered the discharge of the prisoner. This is an appeal from an order denying the motion of the judgment creditors, subsequently made, to vacate the order discharging Asmus.

In the light in which we view this appeal, it is unnecessary to inquire into the reasons which actuated the learned justice in directing a discharge of the prisoner, and upon the motion to vacate the order of discharge it is not germane to inquire into the merits of the commitment. The justice was without jurisdiction to discharge the prisoner; the order made in the premises was void, and should have been vacated. Section 2038 of the Code of Civil Procedure, treating of writs of habeas corpus, reads as follows:

"Where it appears, from the return to either writ, that the prisoner is in custody by virtue of a mandate, an order for his discharge shall not be made, until notice of the time when, and the place where, the writ is returnable, or to which the hearing has been adjourned, as the case may be, has been either personally served, eight days previously, or given in such other manner, and for such previous length of time, as the court or judge prescribes, as follows: (1) Where the mandate was issued or made in a civil action or special proceeding, to the person who has an interest in continuing the imprisonment or restraint, or his attorney," et seq.

The Court of Appeals has recently taken occasion to pass upon the consequences of a failure to give such notice as is mentioned in that section to the persons named in its first subdivision, and it has held that the omission to give such notice deprived the justice of jurisdiction. Matter of Leggat, 162 N. Y. 437, 56 N. E. 1009. The court said (page 442, 162 N. Y., page 1010, 56 N. E.):

"By whatever name called, the subject-matter embraced the right of the parties who had procured Mrs. Weeks' imprisonment to have it continued until she should make the payments directed by the surrogate's court. That right was a private right. People ex rel. Munsell v. Court of Oyer and Terminer, 101 N. Y. 245, 4 N. E. 259, 54 Am. Rep. 691. By section 2038, which follows the spirit of the Constitution, Mrs. Leggat and the other persons benefited by it could not be deprived of it without due process of law, the essential element of which is notice, and until notice was given to them the county judge had no complete jurisdiction of them or of the subject-matter."

That case decided the legal question presented by the record before us, and upon its authority we must direct a reversal of the order, and that the motion be granted.

Order reversed, without costs, and writ of habeas corpus dismissed. All concur.

---

### SERWER v. SARASOHN.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. ATTORNEY'S LIEN ON JUDGMENT—SUMMARY PROCEEDINGS TO IMPAIR.

Where attorney and client agreed that the attorney's fee should be 50 per cent. of any judgment recovered, and it is not contended there was any fraud, or that the compensation is so excessive as to indicate undue or improper advantage, and a judgment for $3,400 has been recovered, the client cannot, by a summary application to the court, under Code Civ.

Proc. § 66, providing "the court, on petition of the client or attorney, may determine and enforce the lien," compel the attorney resisting to forego the lien, and have his right to compensation fixed as part of the $500, which the client contends is all that can be got for the judgment, and that only in case the lien is extinguished.

Appeal from Special Term.

Petition by Rosa Serwer against Abraham H. Sarasohn, her attorney in her action against Morris Serwer. From an order directing a reference to ascertain and determine the attorney's lien attaching to the amount offered in settlement of the judgment recovered in the action, the attorney appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Abraham H. Sarasohn, in pro. per.

M. R. Ryttenberg, for respondent.

JENKS, J. The petitioner retained Abraham H. Sarasohn, Esq., as attorney and counsel in her litigation against Serwer. Both client and attorney state that they agreed at the outset that the compensation of the attorney should be 50 per centum of any judgment recovered against Serwer. Mr. Sarasohn prosecuted the claim to judgment of $3,400. No part of the judgment has been collected. The client moved at Special Term for an order relieving her from the stipulation made by her with Mr. Sarasohn for his fees as her attorney, and for an order ascertaining and determining the lien of Mr. Sarasohn attaching to the amount offered in settlement of the said judgment. The motion was based on a petition showing that the petitioner is very poor, is compelled to sustain herself and her child by daily labor for a pittance, that the petitioner was informed and believed that the judgment debtor was financially irresponsible, that the judgment was uncollectible, and that the judgment debtor resides outside of the state, and cannot be found therein. The petitioner further represented that the brothers of the judgment debtor have offered to settle the judgment for $500, and, if this be effected, to pay $100 a year for five years for the support of the child of the petitioner and the defendant. She also showed that she was in dire need of the money, desirous of thus terminating the litigation; that she had stated the proposed terms of settlement to Mr. Sarasohn, and asked his consent, as she was desirous of paying him whatever legal fee he may be entitled to out of the sum received by her if such settlement be made, and of discharging any lien he may have as attorney on said judgment or the amount for which it may be settled, but that Mr. Sarasohn had refused his consent, and that his refusal will prevent the petitioner from settling said judgment, "as the proposed purchasers of said judgment insist that any and all liens the said Sarasohn may have must be extinguished and satisfied." Mr. Sarasohn opposed the motion. The Special Term granted the prayer, and made a reference for the taking of testimony and a report whether the offer of settlement was in good faith and without collusion, and also what sum the said Sarasohn is entitled to receive from and out of any sum or sums that may be paid to the petitioner in settlement of the judgment. Mr. Sarasohn appeals.

I am far from clear that the provision of section 66 of the Code of Civil Procedure, "the court, upon the petition of the client or attorney, may determine and enforce the lien," applies to this proceeding with the force and effect which the learned counsel for the respondent would attribute to it. It is true that in Matter of King, 168 N. Y. 53, 60 N. E. 1054, the court holds that this section empowers the court to determine the amount of the indebtedness of the client to his attorney contrary to the view expressed by the minority of the court in the Appellate Division. But in the case at bar both client and attorney say that they agreed upon the compensation, which, fixed at 50 per centum of the judgment, is thereby determined at $1,700. The compensation, then, has been determined perforce of the contract of the parties, and the lien is consequently determined by it. In Matter of Fitzsimons, 174 N. Y. 15, 23, 66 N. E. 554, 557, the court, per Martin, J., say:

"In view of the fact that by express statute the right is conferred upon an attorney or counselor to regulate the amount of his compensation by agreement with his client, which is unrestrained and unlimited by law, we cannot see how such an agreement can be interfered with and held illegal until the question has been fully and fairly investigated, and the facts relating to the transaction plainly established by a trial. The statute conferred upon the parties the right to make the contract, and conferred upon the court no authority to make it for them. If, however, upon a proper examination of the appellant's claim, it shall be found that the agreement between himself and his client was induced by fraud, or that the compensation provided for was so excessive as to evince a purpose to obtain improper or undue advantage, the court may correct such abuse."

Even assuming that upon such an application under any circumstances the court may correct the abuse—i. e., reduce the compensation—it is clear that it had no authority in the premises of the case at bar. Contracts for compensation of this character "are not illegal," and, "when fairly made, are steadily enforced." Fowler v. Callan, 102 N. Y. 395, 7 N. E. 169. The fact that the compensation is fixed at 50 per centum of the recovery is not unconscionable per se. Matter of Fitzsimons, supra. Neither fraud nor overreaching is asserted, nor is it contended that the compensation is excessive to the showing of "undue or improper advantage." On the other hand, the affidavit of the attorney shows that the litigation involved two trials, an appeal to this court, several motions, and considerable incidental and unusual practice. I am of opinion that, if the order of the Special Term be based upon the theory that it had the power in this case to reduce this agreed compensation of the attorney to some part of the said $500, it cannot be sustained.

In Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395, the court, per Vann, J., say:

"Thus we have a statute gradually progressing in one direction, which has required more than half a century for its development. It consists of only three sentences, but each has been the subject of one or more independent enactments intended to protect attorneys and enable them to collect pay for their services. The first establishes freedom of contract between attorney and client with reference to the compensation of the former. The second, and most important, gives the attorney a lien upon his client's claim and cause of action, and when the cause of action is merged in a verdict, report, decision, or judgment, the lien attaches to that also, as well as to the proceeds thereof;

so that it cannot be affected by a settlement made between the parties at any stage of the action. The third provides a new remedy."

This attorney has a lien upon the judgment for $3,400 for $1,700. Matter of Regan, 167 N. Y. 338, 343, 60 N. E. 658. This lien, afforded by statute, as is said in Fischer-Hansen's Case, supra, "reached forward and attached to the judgment." The attorney has the right to have the judgment held for the debt until the lien is discharged. Randall v. Van Wagenen, 115 N. Y. 527, 531, 22 N. E. 361, 12 Am. St. Rep. 828. And in Fischer-Hansen's Case, supra, the court further say:

"If the claim is prosecuted to judgment, or to a decision upon which judgment may be entered, the lien reaches forward, and attaches to that also. When the claim is thus extinguished by merger in a higher security, the statute makes express provision for the transfer and continuance of the lien."

Through the lawful agreement of attorney and client the statute affords security to the attorney by lien upon the judgment to the extent of $1,700. The client would have the court not alone impair the security to the extent of at least $1,200, but shift the lien to the proceeds of the $500, which is to be paid in satisfaction of the judgment and to the extinguishment of that kind of security. I do not think that this can lawfully be done in this case. I am not dealing with the question of the rights of the plaintiff over the judgment, but with the proposition that would thus impair, reduce, and change the lien of the attorney in this judgment. It matters not that the agreement was made before the judgment, and that the cause of action was not assignable (Zabriskie v. Smith, 13 N. Y. 322, 64 Am. Dec. 551; Wade v. Kalbfleisch, 58 N. Y. 282, 17 Am. Rep. 250), for the reason that the exception noted in Coughlin v. N. Y. C. & H. R. R. R. Co., 71 N. Y. 443, 449, 27 Am. Rep. 75, is no longer in force in consequence of subsequent amendments (see Fischer-Hansen v. Brooklyn Heights R. R. Co., supra). Coughlin's Case, supra, following Rooney v. Second Ave. R. R. Co., 18 N. Y. 368, and others, regards the attorney in the character of an equitable assignee of the judgment. And Coughlin's Case, together with Rooney's Case and many others, are cited as authorities by O'Brien, J., in Matter of Regan, supra. It is to be remembered that we are not dealing with the settlement of a claim or a cause of action, like unto that under consideration in Fischer-Hansen's Case, 173 N. Y. 499, 66 N. E. 397, but with a judgment. The claim, as was said in that case, is "thus extinguished by merger in a higher security," wherefor "the statute makes express provision for the transfer and continuance of the lien," and that the precise question is whether the client can by summary application to the court compel the attorney resisting to forego the lien which the statute secures to him perforce of the contract between him and his client.

The order should be reversed, with $10 costs and disbursements. All concur.