(119 App. Div. 450)

### BAXTER v. CONNOR.

(Supreme Court, Appellate Division, Second Department.   May 3, 1907.)

ATTORNEY AND CLIENT—LIEN—SETTLEMENT BETWEEN PARTIES.

Under Code Civ. Proc. § 66, giving an attorney a lien upon his client's cause of action, attaching to a judgment, and not subject to defeat by settlement between the parties, where, after recovering a personal injury, judgment for $624.75, plaintiff settled for $275 without the knowledge of his attorney, who was to receive one-half of all damages recovered by action, compromise, or otherwise, and expended the money without paying him, plaintiff being financially irresponsible, the attorney could have satisfaction of the judgment set aside and execution issued against defendant to enforce his lien; the lien being not confined to the sum paid in settlement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 412–417.]

Appeal from Westchester County Court.

Action by George W. Baxter against James R. Connor.   Defendant appeals from an order adjudging an attorney's lien upon a judgment for plaintiff, setting aside a satisfaction of the judgment, and author-

izing the issuance of execution in favor of the attorney to enforce his lien. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Samuel F. Swinburne, for appellant.
Sydney A. Syme, for respondent.

HIRSCHBERG, P. J. This action was brought in the County Court of Westchester county to recover for personal injuries claimed to have been sustained by the plaintiff in consequence of the defendant's negligence. A written agreement was executed by the plaintiff and his attorney prior to the commencement of the action, which provided, among other things, that the attorney was to receive as compensation for his services one-half, or 50 per cent., of all damages which may be recovered by action, compromise, or otherwise. The trial resulted in a verdict for the plaintiff in the sum of $500, and, including the costs and disbursements, judgment was entered in his favor for the sum of $624.78. The defendant appealed to the Appellate Division, and pending the appeal the parties privately settled the case; the defendant paying the plaintiff the sum of $275 in cash and receiving a general relief, together with a certificate of satisfaction, by which the judgment has been canceled of record. When the case was reached for argument in the Appellate Division, the plaintiff's attorney learned for the first time of the private settlement, and on its disclosure an order was made dismissing the appeal. Thereafter the attorney made a motion in the County Court for an order setting aside and vacating the satisfaction of the judgment, and authorizing the issuance of an execution thereon to the extent of his lien, to be determined by the court pursuant to the provisions of section 66 of the Code of Civil Procedure. A reference was ordered to take proof of the matters involved, and, on the coming in of the referee's report in favor of the attorney, it was duly confirmed, and the order or judgment appealed from entered.

It is undisputed that the plaintiff is not financially responsible; that he has no claim or offset against the sum which may be due to his attorney; that the amount paid to him by the defendant on the settlement was immediately expended, no part having been paid to his attorney; and that the settlement was without the knowledge or consent of such attorney. The contention of the respondent on these facts is that the lien of the attorney is confined to the sum paid in settlement, and that the order appealed from should be modified by substituting one-half of that sum, namely, $137.50, instead of the amount which the court below has found was due, namely, one-half of the judgment, viz., $312.39.

The decision of the County Court was in all respects correct. It is expressly provided by section 66 of the Code of Civil Procedure that from the commencement of an action the attorney who appears for a party has a lien upon his client's cause of action, which attaches to a judgment, and which could not be affected by any settlement between the parties. In the case of Fischer-Hansen v. Brooklyn

Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395, the history of the legislation on the subject of attorneys' liens was considered, and its development in the direction of affording greater security to attorneys was noted. The court said (page 498 of 173 N. Y., page 396 of 66 N. E.) :

"When the cause of action is merged in a verdict, report, decision, or judgment, the lien attaches to that also, as well as to the proceeds thereof, so that it cannot be affected by a settlement made between the parties at any stage of the action. \* \* \* The statute is remedial in character, and hence should be construed liberally in aid of the object sought by the Legislature, which was to furnish security to attorneys by giving them a lien upon the subject·of the action. The common law gave them no lien until the entry of judgment, but the statute gives them one from the commencement of the action. If the claim is prosecuted to judgment, or to a decision upon which judgment may be entered, the lien reaches forward, and attaches to that also. When the claim is thus extinguished by merger in a higher security, the statute makes express provision for the transfer and continuance of the lien."

It is quite apparent that, if the contention of the respondent should prevail, the statute affords no adequate security to an attorney. There is no pretense in this case that the defendant is irresponsible, or that there was any likelihood that the judgment recovered against him would have been reversed upon appeal. If, after a judgment has been duly recovered for a substantial amount to be equally divided between attorney and client by lawful agreement, the party in whose favor it has been obtained is at liberty to negotiate with the judgment debtor, and to cancel the judgment for a nominal consideration, limiting his attorney to a fractional part of the nominal sum by way of compensation, it is difficult to see any beneficial object accomplished by the statute. The freedom of a plaintiff to compromise his claim and to settle with his adversary, notwithstanding the existence of an attorney's lien, has often been judicially declared, and many cases are cited by the learned counsel for the appellant. They have little or no application here, because none of them relates to a case of settlement privately effected after judgment. The decision of this court, however, in the case of Serwer v. Serwer, 91 App. Div. 538, 86 N. Y. Supp. 838, is of direct application, and I think is controlling in support of the order or judgment appealed from. In that case, as here, the plaintiff had retained an attorney upon an agreement for 50 per cent. of the amount to be recovered. Judgment was obtained in favor of the plaintiff for the sum of $3,400. The plaintiff petitioned the court for leave to settle, showing that the judgment could not be collected; that the judgment debtor was financially irresponsible; that the plaintiff was destitute; and that relatives of the judgment debtor had offered to pay the plaintiff $500 in settlement, and $100 per annum for five years thereafter. The Special Term granted the application, and ordered a reference to determine the amount which the attorney should receive from the sum to be paid in settlement. On appeal, we held that, even if the court had power, under any circumstances to reduce the amount of the attorney's compensation, the facts stated did not warrant the exercise of that power; and that the attorney was entitled to have the judgment held for the debt until his lien was discharged. Mr. Justice Jenks, writing for the unanimous court, said (page 541 of 91 App. Div., page 840 of 86 N. Y. Supp.) :

"I am of opinion that, if the order of the Special Term be based upon the theory that it had the power in this case to reduce this agreed compensation of the attorney to some part of the said $500, it cannot be sustained. * * * This attorney has a lien upon the judgment of $3,400 for $1,700. Matter of Regan, 167 N. Y. 338, 343, 60 N. E. 658. This lien, afforded by statute, as is said in Fischer-Hansen's Case, supra, 'reaches forward and attaches to' the judgment. The attorney has the right to have the judgment held for the debt until the lien is discharged. Randall v. Van Wagenen, 115 N. Y. 527, 531, 22 N. E. 361, 12 Am. St. Rep. 828. * * * Through the lawful agreement of attorney and client, the statute affords security to the attorney by lien upon the judgment to the extent of $1,700. The client would have the court not alone impair the security to the extent of at least $1,200, but shift the lien to the $500, which is to be paid in satisfaction of the judgment and to the extinguishment of that kind of security. I do not think that this can lawfully be done in this case. I am not dealing with the question of the rights of the plaintiff over the judgment, but with the proposition that would thus impair, reduce, and change the lien of the attorney in this judgment. * * * It is to be remembered that we are not dealing with the settlement of a claim or a cause of action like unto that under consideration in Fischer-Hansen's Case, 173 N. Y. 499, 66 N. E. 397, but with a judgment. The claim, as was said in that case, is 'thus extinguished by merger in a higher security,' wherefor 'the statute makes express provision for the transfer and continuance of the lien,' and that the precise question is whether the client can by summary application to the court compel the attorney resisting to forego the lien which the statute secures to him perforce of the contract between him and his client."

The position of the client in the case cited is much stronger than in the case at bar. If in that case the court had no power to authorize the settlement and a transfer of the lien from the judgment to the amount received in settlement, clearly the court would not have had the power to do so in this instance. The judgment herein is presumably good and collectible, and if, on open application to the court with notice to his attorney, the plaintiff could not have received judicial sanction for the settlement which he has made, because the court is without power to compel the transfer of the attorney's lien to a fractional part of the sum of $275, it is difficult to see how the settlement can be lawfully upheld with that effect, when it has been surreptitiously made behind the attorney's back.

The order should be affirmed.

Judgment and order of the County Court of Westchester county affirmed, with costs. All concur.