KNICKERBOCKER INV. CO. v. VOORHEES et al.

In re DAVIES, STONE & AUERBACH.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. ATTORNEY AND CLIENT (§ 190*)—LIEN—SETTLEMENT BETWEEN PARTIES.

The cancellation of a judgment for costs, entered on a settlement between the parties without notice to the attorneys of the parties who recovered the judgment, will be vacated, so as to allow the attorneys to enforce the judgment in satisfaction of their lien for services, which they have both at common law and under Code Civ. Proc. § 66.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 412, 413; Dec. Dig. § 190.*]

2. ATTORNEY AND CLIENT (§ 190*)—LIEN—SETTLEMENT BETWEEN PARTIES.

The cancellation of an undertaking on appeal from a judgment for costs, entered on a settlement between the parties without notice to the attorneys of the parties who recovered the judgment, will be vacated at the instance of such attorneys, irrespective of whether the attorneys can enforce the undertaking in satisfaction of their lien, or, if they can, whether the surety was relieved from liability, in that, relying on the order canceling the undertaking and discharging the judgment, it delivered up the property given to secure the undertaking.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 190.*]

3. ATTORNEY AND CLIENT (§ 190*)—LIEN—SETTLEMENT BETWEEN PARTIES.

The cancellation of an undertaking to obtain a temporary injunction, entered on a settlement between the parties without notice to the attorneys for the parties who recovered judgment, will not be vacated at the instance of such attorneys, as they had no interest in the enforcement of such undertaking and no lien upon it for services.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 190.*]

McLaughlin and Houghton, JJ., dissenting in part.

Appeal from Special Term, New York County.

Application, in an action by the Knickerbocker Investment Company against Foster M. Voorhees and others, by Davies, Stone & Auerbach, defendants' attorneys, to have their lien for their fees and disbursements determined and enforced. From an order denying their motion to set aside the discharge of the judgment for costs in favor of defendants, and to set aside the vacation of the undertaking given on appeal, and also an undertaking given on obtaining a temporary injunction, the attorneys appeal. Reversed, and order directed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Julian C. Harrison, for appellants.
Eugene Van Schaick, for respondent Bankers' Life Ins. Co.
Clarence Lexow, for respondent Ætna Indemnity Co.
Henry White, for respondent Bankers' Surety Co.
Ellis Lord, for respondent Sherer.

INGRAHAM, J. The appellants, who were the attorneys for the defendants in this action, presented a petition to the Supreme Court, alleging that this action was commenced on the 10th of March, 1904,

and at the time of the commencement of the action a temporary injunction was obtained, restraining the individual defendants from voting on certain stock in the Bankers' Life Insurance Company. After this action was at issue it was referred to a referee, who filed a report in favor of the defendants, on which report judgment was duly entered, the costs and allowances included in such judgment amounting to $3,366.56; and from that judgment an appeal was taken to this court. Subsequently the defendants settled the action, and orders were entered on consent of the defendants, but without the consent of or notice to their attorneys, by which the action was discontinued, the judgment canceled and discharged, and the undertakings given on appeal and on obtaining the injunction canceled and discharged. The petitioners having learned of the settlement of the action between the plaintiff and the defendants, served a notice on the plaintiff, and also on the two surety companies that had given undertakings in the action, that the defendants' attorneys had a lien for fees and disbursements upon the judgment entered in favor of the defendants and upon the claim of the defendants upon all undertakings given in the action. The attorneys then presented to the court a petition setting forth these facts, and the petition prayed that the petitioners' liens for costs and disbursements in the action may be determined and enforced by the court, that the withdrawal of the appeal and cancellation of the undertaking on appeal be vacated, and that the undertaking given on procuring the ex parte injunction may be continued in force.

Upon this petition an order of reference was entered to determine the value of the petitioners' services and the amount due the petitioners from the defendants. The referee reported that the amount due to the petitioners was the sum of $5,654.73, which report was confirmed by the court, and it was ordered that the amount of the lien of the petitioners be fixed at that sum, together with $10 costs of the motion and the disbursements and expenses of the reference, making the total amount due to the petitioners $6,173.38. The order further provided that the petitioners might apply to the court for any other and further relief that might be necessary to enable them to carry out and enforce the said liens, whereupon the petitioners made a motion to set aside the order satisfying the judgment in favor of the defendants against the plaintiff, and that said judgment be reinstated in full force and effect, and that the satisfaction and release of the said judgment given by the defendants to the plaintiff be canceled of record; that the order discharging the bond of the Bankers' Surety Company be vacated and set aside, and such undertaking be reinstated; and that the undertaking given on obtaining the temporary injunction be reinstated, and any attempted cancellation thereof declared void as against petitioners. This motion was denied, and from the order entered thereon the petitioners appeal.

The order fixing the amount of the petitioners' lien standing unreversed, I think both at common law and under section 66 of the Code of Civil Procedure the petitioners had a lien upon the judgment obtained against the plaintiff as the result of their efforts, which was unaffected by any settlement between the parties; and as the amount of the value of the petitioners' service, fixed by the order confirming

the report of the referee at $5,564.73, remains unpaid, the petitioners were entitled to have the cancellation and satisfaction of that judgment vacated, so far as to allow them to enforce that judgment in satisfaction of their lien, and the judgment reinstated. Baxter v. Connor, 119 App. Div. 450, 104 N. Y. Supp. 327; Corbit v. Watson, 88 App. Div. 467, 85 N. Y. Supp. 125; Matter of Regan, 167 N. Y. 343, 60 N. E. 658; Marshall v. Meech, 51 N. Y. 140, 10 Am. Rep. 572. Our conclusion, therefore, is that the order appealed from should be reversed, so far as it denied the application to cancel the satisfaction of the judgment.

I think, also, that the order canceling the undertaking on appeal to this court should be vacated. The undertaking was given to stay the execution of the judgment. But for that undertaking the petitioners would have been able to collect the judgment, and as they had a lien upon it for the value of their services they would have been justified in retaining that sum on account of such services. The order which was entered canceling this undertaking recited on its face that it was on the consent of the defendants, and not upon the consent of their attorneys. As the judgment was entirely for costs, there was notice to all the persons liable upon it that the attorneys had a lien upon it for their services, and from the form of the order the surety company was chargeable with notice that the order was entered without the consent of the attorneys. The order vacating an undertaking on appeal without the consent of all those interested in enforcing the judgment was ineffectual as to those who had not consented or had notice of the application, and as the petitioners had a lien upon the judgment, and a right to enforce it in the protection of such lien, and the order canceling the undertaking was without notice to them, they should not be prejudiced by that order. I think, therefore, as to the petitioners, that the order canceling the undertaking on appeal should be vacated, without, however, passing upon the question as to whether the petitioners can enforce the undertaking, or, if they could enforce it, whether the fact that the surety company, relying upon the order canceling the undertaking and discharging the judgment, having delivered to the plaintiff the property given to them to secure the undertaking, relieved them from liability to the petitioners, as that question can be properly determined if an attempt is made by the petitioners to enforce the undertaking.

In regard to the undertaking given to obtain the temporary injunction, it is quite apparent that the petitioners have no lien upon any claim that the defendants could have under that undertaking. It was to secure the payment of any damages that should accrue to the de- defendants by virtue of the granting of a temporary injunction. That temporary injunction was continued by the Special Term, and remained in force until the entry of the final judgment in favor of the defendant. The petitioners having no interest in the enforcement of that undertaking, and having no lien upon it for any services that they had rendered, they had no interest in making an application to vacate the order canceling it, and for that reason the court quite properly refused to grant the petitioners any relief in relation to that undertaking.

The order appealed from should therefore be reversed, with $10

costs and disbursements to the appellants, the order canceling the judgment vacated and the judgment reinstated; and the order canceling the undertaking on appeal vacated, denying, however, the motion of the petitioners to cancel the order discharging the undertaking given upon obtaining the temporary injunction.

CLARKE and SCOTT, JJ., concur.

McLAUGHLIN, J. (concurring). I concur in the opinion of Mr. Justice INGRAHAM in so far as he holds that the order canceling the judgment should be reversed, and the judgment reinstated. I do not concur with him, however, that the order canceling the undertaking on appeal should be vacated. The petitioners, as attorneys, had a lien upon the judgment for their services and disbursements, and the judgment could not be satisfied until that had been paid. I do not think, however, that they had a lien upon the undertaking. It was not given to secure the payment of their claim. The parties to this action had the right to cancel it, if they saw fit.

HOUGHTON, J., concurs.

---

In re EDGECOMBE ROAD.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. ATTORNEY AND CLIENT (§ 144*)—CONTRACTS—CONSTRUCTION.

 [Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 144.*]

2. EMINENT DOMAIN (§ 247*)—COMPENSATION — AMOUNT — TIME FROM WHICH MADE—INTEREST.

 The confirmation of an award for the taking of property by eminent domain by a city related back to the time the property vested in the city, so that interest thereon was allowable from that time.

 [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 639; Dec. Dig. § 247.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes