In the Matter of MORRIS LEVY et al., Appellants.
GRAND CENTRAL WICKER SHOP, Respondent.

(Argued October 1, 1928; decided October 9, 1928.)

*Jacob Zelenko, Harry Hartman* and *Morris Levy* for appellants. Upon the conceded facts, appellants were entitled in any event to have the satisfaction of judgment vacated. (*Matter of Salant,* 158 App. Div. 697; 210 N. Y. 622.) Appellants' lien could not be affected, reduced or diminished in any way by the settlement. (*Beecher* v. *Voght,* 227 N. Y. 468; *Bailey* v. *Murphy,* 136 N. Y. 50; *Peri* v. *N. Y. Central R. R. Co.,* 152 N. Y. 521; *Corbit* v. *Watson,* 88 App. Div. 467; *Serwer* v. *Serwer,* 91 App. Div. 538; *Baxter* v. *Connor,* 119 App. Div. 450; *Knickerbocker Investment Co.* v. *Voorhees,* 128 App. Div. 639.)

*George X. Levine, Alfred B. Nathan* and *S. Howard Imbrey* for respondent. The merits are not with the appellants. The settlement effected between the parties was proper and the appellants were bound to accept the sums tendered to them for their fees. (*Lee* v. *Vacuum Oil Company*, 126 N. Y. 579; *Peri* v. *New York Central R. R. Co.*, 152 N. Y. 152; *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492; *Poole* v. *Belcha*, 131 N. Y. 200; *Corcoran* v. *Kellogg Structural Co.*, 179 App. Div. 396; *Machcinski* v. *Lehigh Valley R. R. Co.*, 272 Fed. Rep. 922; *O'Conner* v. *Gifford*, 117 N. Y. 275; *Matter of Demmerle*, 130 Misc. Rep. 684.)

POUND, J. The fundamental question presented by this case is whether the plaintiff in a personal injury case may, under any circumstances, settle with the defendant and release the judgment, pending an appeal by the defendant, in disregard of the contract of plaintiff's attorneys for a contingent fee of forty per cent of the amount recovered. On the trial a verdict was rendered in favor of plaintiff for $12,500. Pending an appeal from the judgment entered thereon, plaintiff settled the action for $2,000, of which $800, representing their lien of forty per cent on the amount of the settlement, was set aside for his attorneys and tendered to them. The action was discontinued and the judgment satisfied by the defendant therein.

The settlement was made in good faith on notice to the attorneys with the approval of the court, given over their objection. It is not contended that the compensation contracted for was excessive. The plaintiff making the settlement is financially irresponsible. The defendant is presumed to be responsible.

The attorneys contend that as their position is " the same as that of an equitable assignee " of the judgment (*Beecher* v. *Vogt Mfg. Co.*, 227 N. Y. 468), their lien attaches thereto for the full amount thereof and cannot

be affected by any settlement between the parties without their consent.

It has been held in the second department that the court has no power after judgment to authorize a settlement which transfers the attorney's lien to the amount received in settlement; that the attorneys have a vested right to their share after judgment of which they may not be deprived by any settlement to which they did not consent. (*Serwer* v. *Serwer*, 91 App. Div. 538; *Baxter* v. *Connor*, 119 App. Div. 450.) On the other hand the Appellate Division in the fourth department has held that while an appeal is pending the client has the power to effect a settlement for less than the amount of the judgment when he acts with the knowledge of the attorney in good faith and makes provision for the payment to his attorney of his share of the amount received in settlement. (*Corcoran* v. *Kellogg Structural Co.*, 179 App. Div. 396, 401.)

Does an honest settlement of an action after judgment deprive the attorney of his lien on the judgment? Some stress is laid on the fact that this case was, when the settlement was consummated, subject to the vicissitudes of the pending appeal. This doubtless is an argument to sustain the good faith and expediency of the settlement, but the basic question is as to the client's control after judgment in all cases. Unquestionably he may make an honest settlement of his cause of action before judgment without regard to the wishes of his attorney. (*Lee* v. *Vacuum Oil Co.*, 126 N. Y. 579; *Peri* v. *N. Y. C. R. R. Co.*, 152 N. Y. 521; *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492.) The lien, whether before or after judgment, is subject to the right of the client to settle in good faith. The attorney may, however, follow the proceeds to enforce his lien. The law does not permit the client to cheat his attorney. But the client is competent to decide whether he will continue the litigation

or seek to collect the judgment or agree with his adversary in the way.

" The right of the parties to thus [honestly] settle is absolute and the settlement determines the cause of action and liquidates the claim. This necessarily involves the reciprocal right of the attorney to follow the proceeds of the settlement, and * * * to insist that his share be ascertained and paid to him." (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co., supra,* p. 501.)

The rule is of universal application. It applies to settlements before and after judgment alike. General statements that the attorney is an equitable assignee of the judgment or that the judgment is a higher security to which the lien attaches do not conflict with this holding. They must be read in connection with the other general principle that honest settlements made in good faith because the client prefers something certain in hand to the enforcement of his legal rights are not prohibited by the existence of the attorney's lien. The court has approved the settlement in this case, pending appeal. We prefer to base our decision on the client's control of the judgment rather than the pendency of the appeal. It would be hard law to say that a client would get nothing from a settlement of a final judgment under any circumstances until he had satisfied his attorney's claim thereon in full or obtained his consent to the settlement. The question is not one of power to settle but of the fairness of the settlement made.

The order should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Order affirmed.