DANIEL MORGAN, Respondent, *v.* SARAH E. M. HANNAS.

49 b 667
155   388

A guardian will not be allowed an extra compensation for services, although not strictly within the line of his duties; as where the guardian is an attorney and counselor-at-law, he cannot charge for professional services rendered in the affairs of his ward, but is restricted to the statu-

tory allowance. Neither an order of a surrogate, before the services are rendered, directing the performance thereof, and fixing the extra compensation, nor an order ratifying and allowing it, will legalize the charge. Where annual rests in the accounts of an executor or other trustee are required by the special direction of a court, in order to charge the trustee with interest, or where required by a rule of court or by provision of statute, full commissions may be computed upon the amount, excluding re-investments of principal. If a guardian has made and filed his accounts annually, as required by statute (chap. 460, § 57, Laws of 1837), he may be allowed commissions in full upon each account.

(Argued April 25, 1872; decided April 30, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming surrogate's decree settling respondent's accounts as guardian. The questions presented and the holdings appear above.

*M. H. Throop* for the appellant.

*Francis Kernan* for the respondent.

FOLGER, J., reads opinion for reversal of judgment of Supreme Court and decree of surrogate, and that proceedings be remitted.

All concur, except RAPALLO, J., not voting.

Judgment accordingly.