Le Roy Parker, Appellant, *v.* David F. Day, Respondent.

1. Appeal — Presumption that Reversal was upon the Law. When, on appeal from a judgment and order of a late General Term reversing a judgment entered upon a decision of the court on a trial without a jury and granting a new trial, neither the judgment nor the order states that the reversal was based upon the facts, the Court of Appeals must, by force of section 1338 of the Code of Civil Procedure, presume that the reversal was based upon the law; and if no error of law appears upon the record, the judgment and order must be reversed.

2. Executors — Personal Contracts for Services. The contracts of executors for services to be rendered are their personal contracts, and do not bind the estate; and this rule has not been changed by section 1814 of the Code of Civil Procedure.

3. Executor an Attorney at Law — Services of Copartner. Although an executor who is an attorney at law cannot have compensation for professional services rendered by him to the estate, and if, having a partner, he employs his partner in business of the estate, no charge can be made by the firm, yet, if the executor is excluded from all participation in the compensation, his partner may be paid like any other person for similar services, and the executor may, as an individual, employ his

partner, as an individual, to do work for him in matters of the estate, outside and independent of the copartnership, and become personally liable therefor.

4. EMPLOYMENT OF ATTORNEY BY HIS COPARTNER—ACTION FOR SERVICES. The fact that the parties were copartners at the time of the employment is not conclusive, as matter of law, against the right of an attorney to recover in an action brought by him individually against an executor individually, for services in matters of the estate claimed to have been rendered on the employment of the defendant, outside and independent of the partnership.

*Parker* v. *Day*, 12 Misc. Rep. 510, reversed.

(Argued March 18, 1898; decided March 25, 1898.)

APPEAL from a judgment and order of the General Term of the late Superior Court of Buffalo, entered May 15, 1895, reversing a judgment in favor of plaintiff entered upon a decision of the court on a trial without a jury and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Adelbert Moot* for appellant. The evidence and the law both determine the fact that the plaintiff was employed by the defendant in his individual capacity, and not as a member of the firm. (*Collier* v. *Munn*, 41 N. Y. 143; *Morgan* v. *Hannas*, 13 Abb. [N. S.] 368; 1 Lindley on Part. 267, 268; *Solomons* v. *Nissen*, 2 T. R. 674; *Taylor* v. *Wright*, 93 Ind. 122; Perry on Trusts, § 432; *Hough* v. *Harvey*, 71 Ill. 72; 7 Am. & Eng. Ency. of Law, 441; *Pollard* v. *Doyle*, 1 Dr. & Sm. 319; *Frazer* v. *Palmer*, 4 Y. & C. 515; *York* v. *Brown*, 1 Col. C. C. 260; *Broughton* v. *Broughton*, 5 De G., M. & G. 60; *In re Sherwood*, 3 Beav. 338.) It is the duty of the executor to take care of the estate of his testator, and to protect it against unjust claims, and for this purpose he may employ counsel, but he is personally liable for the expense so incurred in the care of the estate, for which he may charge the estate in his accounting. A claim by counsel so employed by an executor, for services rendered in the settlement of an estate, is against the executor personally, and not against the estate of the deceased. (*Austin* v. *Munro*, 47 N. Y. 360;

*Seaman* v. *Whitehead,* 78 N. Y. 306 ; *Matter of Woodruff,* 13
N. Y. S. R. 161 ; *Ferris* v. *Disbrough,* 22 Wkly. Dig. 330 ;
*Ferrin* v. *Myrick,* 41 N. Y. 315 ; *Budlong* v. *Clements,* 3
Dem. 145.) If defendant denies any request upon his part to
the plaintiff, to perform the services, the acceptance of such
services by defendant, in the absence of proof that such serv-
ices were rendered voluntarily, raises the presumption of a
request on the part of defendant. (*Smith* v. *L. I. R. R. Co.,*
102 N. Y. 190 ; Story on Cont. § 12 ; *Adams* v. *Gokey,* 17
Wkly. Dig. 482 ; *Tucker* v. *Staunton,* 20 Wkly. Dig. 43 ;
*Oatfield* v. *Waring,* 14 Johns. 188 ; *Doty* v. *Wilson,* 14
Johns. 378 ; *Hicks* v. *Burhans,* 10 Johns. 243.)

*George W. Cothran* for respondent. The order should be
affirmed upon the law. (Code Civ. Pro. § 1338 ; *Danziger*
v. *Hoyt,* 120 N. Y. 192 ; *Larkin* v. *McMullin,* 120 N. Y.
206 ; *Hannigan* v. *Allen,* 127 N. Y. 639 ; *Whitman* v. *Foley,*
125 N. Y. 651 ; *Davis* v. *Leopold,* 87 N. Y. 620 ; *Nostrand* v.
*Knight,* 123 N. Y. 614 ; *P. I. Co.* v. *Hopatcong,* 127 N. Y.
206 ; *Otten* v. *M. R. Co.,* 150 N. Y. 395 ; *Mackay* v. *Lewis,*
73 N. Y. 382.) There was not a sufficient finding of a trial
court. (Code Civ. Pro. § 1022.) The remedy of the plaintiff
should have been an action for an accounting and settlement
of the partnership affairs. (*Watts* v. *Adler,* 130 N. Y. 646.)
An action at law will not lie by one partner against another
upon a mere implied promise. (*Crater* v. *Bininger,* 45 N. Y.
545 ; *Gridley* v. *Dole,* 4 N. Y. 486 ; Lindley on Part. *380.)
The allegations and proofs must agree. (*Wright* v. *Delafield,*
25 N. Y. 266 ; *Day* v. *Town of New Lots,* 107 N. Y. 148 ;
*Baird* v. *Mayor, etc.,* 96 N. Y. 603 ; *Truesdell* v. *Sarles,*
104 N. Y. 167 ; *Hudson* v. *Swan,* 83 N. Y. 552 ; *Southwick*
v. *F. Nat. Bank,* 84 N. Y. 428 ; *Lake* v. *McElfatrick,* 139
N. Y. 349 ; *Neudecker* v. *Kohlberg,* 81 N. Y. 301.)

*Per Curiam.* This action was brought to recover payment
for legal services rendered by the plaintiff to the defendant.

Adaline C. Hotchkiss died in Detroit, Michigan, in 1887,
and letters testamentary were issued to the defendant as her

executor.  Subsequently, claims of creditors amounting to
about the sum of $60,000 were presented against her estate,
and the services for which compensation is now sought were
rendered by the plaintiff in defending the estate against such
claims.  The trial court found in favor of the plaintiff and
awarded judgment against the defendant for the sum of two
thousand dollars.  The General Term reversed the judgment
and ordered a new trial, but neither in the order nor judgment
stated that the reversal was based upon the facts.  Section
1338 of the Code of Civil Procedure then in force provided
that : " Upon an appeal to the Court of Appeals from a judg-
ment, reversing a judgment entered upon a referee's report, or
a decision of the court, upon a trial without a jury ; or from an
order granting a new trial, upon such a reversal; it must be
presumed, that the judgment was not reversed, or the new trial
granted, upon a question of fact, unless the contrary clearly
appears, in the body of the judgment or order appealed from.
In that case, the Court of Appeals must review the determina-
tion of the General Term of the court below, upon the ques-
tions of fact, as well as the questions of law."  We are thus,
by the. express provisions of the Code, required to presume
that the reversal was based upon the law and are precluded
from a review of the facts.

Our examination of the record discloses no error of law.
Our attention has been called to two exceptions taken to the
admission of evidence ; one was with reference to a conversa-
tion that took place between the plaintiff and the defendant
at the time of the dissolution of the firm of Day & Parker
with regard to the plaintiff's services in the Hotchkiss matter,
and the other was with reference to the introduction in evi-
dence of a written notice of retainer of the plaintiff by one of
the legatees under the will of Mrs. Hotchkiss, neither of which
exceptions point to any error.  It was also contended upon
the argument that there was absolutely no evidence showing
an employment of the plaintiff, and that under the provisions
of the Code then in force it became a question of law.  Upon
this question the evidence is to the effect that the plaintiff and

defendant talked over the subject of the claims presented against the estate of the decedent, and that after the presentation of the principal claim amounting to the sum of $50,000, the defendant received from Detroit a box containing several thousand personal papers of the decedent. Upon its reception he delivered the same to the plaintiff, requesting him to look up the evidence relating to the claims, and after that the matter was left generally to the plaintiff to look up the entire testimony in this state, Michigan and Kansas, and thereupon he performed the services for which he now seeks to recover. There can be no question but this request by the defendant would have constituted an employment under ordinary circumstances. It is claimed by him, however, first, that the request coming from him as executor, the employment was by him as such, and that he is not personally liable therefor, and, secondly, that the plaintiff and defendant were both attorneys at law and copartners in business as such, and that the services rendered by the plaintiff upon the request of the defendant was as a member of the firm. With reference to the first contention the rule is well settled that the contracts of executors for services to be rendered are their personal contracts and do not bind the estate. (*Austin* v. *Munro,* 47 N. Y. 360, 366; *Ferrin* v. *Myrick,* 41 N. Y. 315; *Reynolds* v. *Reynolds,* 3 Wend. 244; *Demott* v. *Field,* 7 Cow. 58; *Myer* v. *Cole,* 12 Johns. 349.) This rule has not been changed by section 1814 of the Code of Civil Procedure. (*Thompson* v. *Whitmarsh,* 100 N. Y. 35; *Buckland* v. *Gallup,* 105 N. Y. 453.) With reference to the second contention Perry on Trusts, at section 432, says: "The rule that trustees can make no profit out of the estate is carried so far in England that they can receive no compensation for their services. In the United States trustees are entitled to reasonable compensation. Both in England and the United States a trustee can receive no indirect profit from the estate by reason of his connection with it. * * * If trustees are factors or brokers, or commission agents or auctioneers, or bankers, or *attorneys,* or *solicitors,* they can make no charges against the trust estate for services

rendered by them in their professional capacity to the estate of which they are trustees. They may employ the services of such agents, if necessary, and pay for them from the estate, but if they undertake to act in such capacity themselves for the estate, they can receive no compensation. This rule is so strict that, if the trustee has a partner and employs such partner, no charge can be made by the firm; but if the trustee is excluded from all participation in the compensation, the partner of the trustee may be paid like any other person for similar services. * * * In the United States a trustee has been refused compensation as solicitor for professional services rendered by himself for himself as trustee, on the ground that no man can make a contract with himself."

In *Collier* v. *Munn* (41 N. Y. 143) it was held that an executor, who is an attorney and counselor at law, cannot be allowed any fees whatever from the estate for professionally defending and conducting an action brought against the estate, although requested by his co-executor to appear in such action and undertake the defense, with the promise of compensation, and although the legatees and next of kin united in such request. (See, also, *Morgan* v. *Hannas*, 49 N. Y. 667; *Binsse* v. *Paige*, 1 Keyes, 87.)

There can be no doubt that an individual may employ his copartner to do work for him outside of and independent of the copartnership, and become personally liable therefor. The question is as to whether there was such an employment of the plaintiff in this case. In determining that question, the fact that the parties were copartners properly entered into the consideration of the trial court, but it was not conclusive. The General Term had the power to reverse such determination upon the facts, but it could not properly reverse on account of error of law.

The judgment and order of the General Term should be reversed and the judgment entered upon the decision of the trial court affirmed, with costs.

All concur.

Judgment accordingly.