In re KELLOGG et al.

(Supreme Court, Appellate Division, First Department.   June 29, 1904.)

1. ATTORNEYS—ARGUMENT OF CAUSE—COMPENSATION.
> Where there were several arguments of a case on appeal, and one re-argument, but such arguments were mere restatements of the same prop-osition, they should not be treated or considered as services rendered in separate cases, in determining the amount of compensation to be awarded an attorney engaged in such arguments.

Appeal from Special Term, New York County.

Petition by L. Laflin Kellogg and others to enforce an attorney's lien.   From an order on a motion to confirm a referee's report, peti-tioners appeal.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and LAUGHLIN, JJ.

Charles Blandy, for appellants.

J. S. Ross, for respondent.

VAN BRUNT, P. J.   Upon a consideration of the evidence which has been introduced by both parties in this proceeding, including the correspondence which passed between them, we have come to the conclusion that there was a misunderstanding between the parties as to what actually took place on the 19th or 22d of July, 1897.   It seems to us clear that the crucial point which was discussed at that meeting was the question as to whether the appellants should receive a re-tainer of $250 before going into the trial of the action.   The question as to the 10 or 15 per cent. was undoubtedly discussed, but it was in connection with the demand for the payment of a retainer of $250; and the respondent, at least, did not understand that there had been a definite agreement for 15 per cent., and a relinquishment of the re-tainer of $250.   This seems to be evidenced by her letter of July 24th, which was answered by the appellants on September 24, 1897.   If it had been definitely determined at the meeting prior to the writing of the letter of July 24th that Mr. Kellogg had waived his claim for a retainer of $250, the respondent would not have written in the strain in which she did.

But it is urged that in this letter the respondent used this language, "In the light of information gained since our last interview, I certain-ly consider that fifteen per cent. should cover everything," and that the understanding based upon this assertion was that no other char-ges for any services whatever were to be made, as the 15 per cent. was to cover everything.   Upon an examination of this correspond-ence, it seems to us that it will be seen that the parties had in con-templation the trial which was imminent, and which it was expected would determine the question of the right to a recovery, and that the judgment would be paid if one was obtained upon the trial, and that all this conversation had between the parties related to that contin-gency; and the question of appeals was not contemplated, by the re-spondent at least.   And it seems to us that this view is strongly rein-forced when the matter of the amount of the disbursement is spoken

of. The appellant agrees with the respondent that these disbursements shall not exceed the sum of $25, unless specially authorized. It is clear that, if an appeal was to be taken from this judgment, the disbursements would necessarily far exceed the sum named; and the use of this language plainly implies that these parties had in mind the trial which was approaching, and it was that trial of which they were talking.

It also appears from the letter written by the appellant upon the eve of the argument in the Court of Appeals, which was not replied to by the respondent, that his understanding was that the services upon the appeals were to be compensated for, beyond the contingent fee of 15 per cent. and disbursements, and this statement of the situation upon the eve of the argument of that appeal was not dissented from by the respondent. Under these circumstances, it seems to us that the only conclusion that can be arrived at is that these parties did not reach a definite conclusion as to the compensation to be made, except as to the trial which was at hand.

We think, however, that the allowance made by the referee for the additional services outside the trials of the action was somewhat more than the circumstances justified. It is true that there were several arguments of the case on appeal and one reargument, but those arguments were mere restatements of the same propositions, and we do not think they could be treated or considered as though they had been services rendered in separate cases. We think, therefore, that the allowance made by the referee of $5,837.96 should be reduced to the sum of $5,037.96.

The order appealed from should be reversed, and the referee's report, as thus modified, should be affirmed, with costs and disbursements in the court below, but without costs of this appeal. All concur.