unnecessary a scrutiny of the evidence presented upon the defense of payment.

Judgment and order reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

In re ROSS.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

ATTORNEY AND CLIENT—LIEN OF ATTORNEY FOR FEES.

　　Under Code Civ. Proc. § 66, giving an attorney a lien for services upon his client's cause of action, which attaches to a verdict, etc., in the client's favor and the proceeds thereof, in whosesoever hands they may come, an attorney has such lien, where his client is the administrator of an estate, upon the proceeds of a verdict, etc., in favor of the estate, for services rendered in the action or in the institution thereof.

Appeal from Special Term, Kings County.

Petition by J. Stewart Ross to enforce an attorney's lien on money collected for Henry Gehrhardt as administrator. From an order appointing a referee, the administrator appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Frank A. Crowe, for appellant.

Samuel Evans Maires (Samuel T. Maddox, Jr., on the brief), for respondent.

MILLER, J. This is a proceeding, instituted by petition pursuant to section 66 of the Code of Civil Procedure, to have the lien of an attorney on moneys collected by him determined and enforced. The appellant contends that the petitioner has no lien, for the reason that the moneys were recovered for an administrator of an estate, and hence that the administrator and not the estate is bound.

The rule that the contracts of executors or administrators bind them personally, and not their estate, has no application to this case. The petitioner claims to have recovered for the estate of the appellant money and property as the result of certain actions and special proceedings. Section 66 of the Code of Civil Procedure provides:

"From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come."

And it does not matter that the client happens to be an executor or administrator. Matter of the Application of Knapp, 85 N. Y. 284; Matter of Kellogg, 96 App. Div. 608, 88 N. Y. Supp. 1033, affirmed 180 N. Y. 534, 72 N. E. 1144. Of course, the petitioner has no lien unless the money or property was recovered as the proceeds of a verdict, report, decision, judgment, or final order in an action or special proceeding, or as the subject-matter of an action or special proceeding, and then only for services rendered in such action or proceeding or the institution thereof; and the learned justice at Special Term so

held. We do not undertake now to pass upon the merits, but only decide that the appointment of a referee to ascertain the facts was proper.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

STERN v. STERN.

(Supreme Court, Appellate Division, First Department. December 13, 1907.)

1. CORPORATIONS — SALE OF STOCK — CONTRACTS—RESCISSION—ACTIONS—COMPLAINT—SUFFICIENCY.

Plaintiff alleged that at the instance of defendant's decedent he subscribed for certain shares of stock and paid decedent therefor; that, to induce plaintiff to purchase the stock, decedent fraudulently represented that he and others had organized the corporation of which he was a director, etc., to acquire furnace property and to mine, manufacture, etc., iron ore or pig iron; that the stock would be a splendid investment, well knowing that it would diminish in value and become comparatively worthless; that the company would produce 60,000 tons of ore and pig iron annually, from which it would pay dividends, whereas it was incapable of producing that quantity of ore and had paid but one dividend, and that out of capital; that decedent was personally familiar with all the facts concerning which he made the representations; and that plaintiff duly tendered back the stock and demanded the return of the consideration paid, etc. Held, that the complaint stated a cause of action on the theory of rescission.

2. WITNESSES — COMPETENCY — ACTION AGAINST REPRESENTATIVE OF PERSON DECEASED.

In an action against an executrix to recover the price of stock paid defendant's testator by plaintiff on the ground of fraudulent representations, a witness for plaintiff testified that he heard a conversation between plaintiff and decedent in which he participated. It appeared that the witness agreed on the day of the conversation to purchase part of the stock from plaintiff, and on receipt of the stock paid plaintiff therefor, but that the purchase was later rescinded, and that witness had no interest in any of the stock or in the result of the litigation. Held, that the witness was not incompetent to testify as to the conversation, under Code Civ. Proc. § 829, relating to testimony by a witness as to his transactions with a decedent in an action against the executor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 663, 664.]

Ingraham and Scott, JJ., dissenting.

Appeal from Trial Term.

Action by Benjamin Stern against Sarah Stern, as executrix, etc. From a judgment dismissing his complaint, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

William M. Bennett, for appellant.
Charles E. Rushmore, for respondent.

LAUGHLIN, J. The action was brought originally against Simon H. Stern, and upon his death his executrix was substituted. The