The assignee of a judgment recovered against an administrator with the will annexed of decedent for legal services rendered in the management of the estate has no judgment which binds the estate, nor does it make the owner in law a person interested in the estate, or one entitled to maintain an application for an accounting, under Code Civ. Proc. § 2514, subd. 3, on the theory that the claim is one for expense of administration.

In the matter of the estate of Joseph I. Sayles, deceased. Application for an accounting denied.

George T. Davis, for petitioner.
Howard C. Wiggins, for administrator c. t. a.

SEXTON, S. This is an application, made by the executor of the estate of one Adelbert F. Sayles, to compel the representatives of the estate of Joseph I. Sayles to render a final accounting. The petition avers that in May, 1907, a judgment was recovered in the Supreme Court by said petitioner in behalf of the estate of Adelbert F. Sayles and against Amelia Potter, one of the administrators with the will annexed of the estate of said Joseph I. Sayles, for legal services rendered in aid of her management of said Joseph I. Sayles' estate. The facts set out in the petition, on which the right to an accounting is based, are as follows:

"Your petitioner further shows that she is of the age of 21 years and upwards, and is interested in the estate of said deceased as a creditor for services performed by A. F. Sayles in his lifetime for Amelia Potter, one of said administrators with the will annexed of said estate, said services being performed by said A. F. Sayles for said estate, and a proper charge for expenses of administration against said estate of J. I. Sayles, deceased, for which petitioner recovered judgment in the sum of $1,540.67, May 7, 1907, and desires said Amelia Potter and J. Irene Sayles to render and settle their account of all their proceedings as such administrators with the will annexed of Joseph I. Sayles, deceased."

An answer, verified by Amelia Potter and J. Irene Sayles, was filed denying the right of the petitioner to an account, and alleging, among other things, that the judgment against Amelia Potter is personal, and that the petitioner is not an interested party. It has long been a rule of law that the contracts of executors and administrators for services to be rendered are their personal contracts, and do not bind the estate. Parker v. Day, 155 N. Y. 383, 49 N. E. 1046, and cases cited.

The claim of the attorney so employed, however, is against the executor or administrator personally, and he cannot bring an action against an executor or administrator in his representative capacity and obtain a judgment which binds the estate, but must bring his action against the representative individually. Platt v. Platt, 105 N. Y. 488, 12 N. E. 22; Ferrin v. Myrick, 41 N. Y. 317; Austin v. Munroe, 47 N. Y. 363; Wetmore v. Porter, 92 N. Y. 77. This rule has not been changed by section 1814 of the Code of Civil Procedure. Thompson v. Whitmarsh, 100 N. Y. 35, 2 N. E. 273; Buckland v. Gallup, 105 N. Y. 453, 11 N. E. 843. The court's attention is called to the case of Matter of Thompson, 41 Barb. 237, as authority for a direction to the administrator to pay the petitioner's judgment in question out of the estate. This case has led a lonely life. I find no reference to it as authority, except in a dissenting opinion in Ferrin v. Myrick, supra.

The rule is well settled that in no event can an allowance be made to a representative of an estate for counsel fees as an expense of administration until he has actually paid them and applies for reimbursement. Matter of Spooner, 33 N. Y. Supp. 136, 86 Hun, 9; Matter of O'Brien, 1 Misc. Rep. 136, 25 N. Y. Supp. 704; Matter of Bailey, 47 Hun, 477. The only exception is for allowances made under sections 2561 and 2562 of the Code of Civil Procedure. The case of Douglas v. Yost, 64 Hun, 155, 18 N. Y. Supp. 830, relied on by the petitioner as authority for the Surrogate's Court to allow the reasonable value of attorneys' services on a final accounting before actual payment, is not authority here. All proceedings in that case were in the Supreme Court, and the court said that:

"The judgment does not provide for any credit to the executor for such charges before actual payment, and in that respect is not within the rule laid down in Matter of Bailey, 47 Hun, 477, and kindred cases."

In such matters there is a wide distinction between the power of the Supreme Court and that of the Surrogate's Court. The Supreme Court has jurisdiction both of the subject-matter and of the parties, and it is also a court of equity, and an attorney's lien for services is always a proper matter for consideration, and its extent may, in a proper suit, when all the parties are before the court, be determined as well before payment as afterwards. The rule, however, is otherwise in the Surrogate's Court. The surrogate has no jurisdiction of either the subject-matter or the person of those having claims against administrators or executors personally, since such persons are not and cannot be made parties to the proceedings, and, having no claims against or interest in the estate of deceased, the surrogate has no jurisdiction over the subject-matter of their claim.

If a judicial settlement was ordered, it is not clear to this court how a personal question between an attorney and a representative of the estate as to compensation could be determined. The only hint upon the subject that I have been able to find is a dictum in Ferrin v. Myrick, supra, as follows:

"It ought to be added that, in case of fraud and insolvency of the executor, an equitable cause of action would probably be thereby created against the estate, which can be enforced on behalf of the creditor, and which would enable him to maintain a claim against the estate directly."

In Matter of O'Brien, supra, the following rule is laid down:

"It follows, therefore that, upon an accounting or judicial settlement it is only where the executor or administrator has actually paid such claim, and so changed its character into that of a disbursement for the benefit of the estate, that he may embrace it in his account, and thus bring it within the jurisdiction of the surrogate, where the justness and propriety of the 'expense' may be challenged by those interested."

The petitioner has a personal judgment against one of the administrators of the Joseph I. Sayles estate, which is incollectible, and its payment out of said estate is opposed. Such a judgment or claim does not bind the estate. Parker v. Day, supra. Nor does it make the owner in law a person interested in the estate, or one entitled to maintain this proceeding under subdivision 3 of section 2514 of the Code of Civil Procedure, on the theory that such a claim is one "for expense of administration."

The application for a compulsory accounting herein is denied, without costs to either party.

Ordered accordingly.