BERKELEY v. DUSENBERRY et al.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

PARTNERSHIP (§ 94*)—EMPLOYMENT OF PARTNER.

Where plaintiff's partner, who with a third person were executors of C.'s estate, employed plaintiff to render legal services to the executors, proof of such employment established a prima facie case, entitling plaintiff to recover for the services rendered, under the rule that an individual may employ his copartner to do work for him outside of and independent of the partnership and become personally liable therefor.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 141; Dec. Dig. § 94.*]

Action by Lancelot M. Berkeley against Frank M. Dusenberry and another. The complaint was dismissed, and plaintiff's motion for a new trial on exceptions ordered to be heard at the first instance in the Appellate Division. Exceptions sustained, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

L. M. Berkeley, in pro. per.
Max D. Steuer, for defendants.

CLARKE, J. The plaintiff is an attorney at law, and was a member of the firm of Bushby & Berkeley. Mr. Bushby and the defendant Dusenberry were the executors named in the will of Mrs. Choate. The plaintiff claims that he was retained by said executors as attorney to render services to them in and about the probating of said will, and in and about the administration of the estate of Mrs. Choate, and in and about matters connected therewith; that he performed all the terms and conditions to be performed under said contract of retainer, and at the special instance and request of the defendants rendered them services of the reasonable value of $4,000, which, although duly demanded, has not been paid. Upon the trial the plaintiff testified to his retainer, and to the services rendered, and to the value thereof. At the close of the plaintiff's testimony, the record is as follows:

"The Court: The court dismisses the complaint, on the ground that the cause of action is in Bushby & Berkeley, and not in the plaintiff alone.
"Plaintiff's Counsel: I take an exception.
"The Court: The complaint is dismissed, the plaintiff excepts, and the exceptions are to be heard in the first instance at the Appellate Division. * * *
"Plaintiff's Counsel: I except to your honor's dismissal, and I ask to go to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the jury on the questions of fact presented by the plaintiff, as against both of the defendants and each of the defendants separately.

"Motion denied. Exception."

We think this action of the learned trial court cannot be sustained. A prima facie case of employment of the plaintiff and services rendered by him under such employment had been made out. A question of fact was presented, which made the dismissal of the complaint, when that action was taken and upon the ground stated, improper. In Parker v. Day, 155 N. Y. 383, 49 N. E. 1046, the court said:

"There can be no doubt that an individual may employ his copartner to do work for him outside of and independent of the copartnership, and become personally liable therefor. The question is as to whether there was such an employment of the plaintiff in this case. In determining that question, the fact that the parties were copartners properly entered into the consideration of the trial court; but it was not conclusive."

So in this case one of the executors, at least, was not a partner of the plaintiff, and whatever the relations of Bushby to the estate, and however he might have been prevented from himself receiving compensation for legal services rendered to it, the plaintiff would not, as matter of law, be prohibited from accepting the retainer testified to and receiving proper pay for services rendered thereunder.

The exceptions are sustained, and motion for a new trial granted, with costs to the plaintiff to abide the event. All concur.