---

### In re WOOD et al.

### In re McKENNA'S WILL.

(Supreme Court, Appellate Division, Second Department. December 30, 1915.)

1. ATTORNEY AND CLIENT ⬅182—RIGHT TO LIEN—SERVICES IN SURROGATE'S COURT.

Under Judiciary Law (Consol. Laws, c. 30) § 475, providing that from the commencement of an action or special proceeding the attorney who appears for a party has a lien upon his client's cause of action, claim, or counterclaim, which attaches to a verdict, decision, judgment, or final order in his client's favor, and the proceeds thereof, attorneys rendering legal services to a legatee under a will in procuring the probate of the will and her appointment as administratrix with the will annexed had a lien for the value of their services on her individual interest in the estate.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. ⬅182.]

2. EXECUTORS AND ADMINISTRATORS ⬅460—COMPULSORY ACCOUNTING—DENIAL OF PETITION.

That attorneys petitioning for a compulsory accounting by an administratrix claimed a lien for services rendered the administratrix upon the estate itself, and not on her individual interest therein, was not sufficient reason for denying the petition.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1975–1985; Dec. Dig. ⬅460.]

3. EXECUTORS AND ADMINISTRATORS ⬅460—COMPULSORY ACCOUNTING—PERSONS ENTITLED TO PETITION—"PERSONS INTERESTED."

Code Civ. Proc. § 2727, provides that a petition praying for the judicial settlement of the accounts of an executor or administrator may be presented by a creditor or person interested in the estate. Section 2768, subd. 11, defines "persons interested," as used in that chapter in connection with an estate or fund, as including every person entitled absolutely or contingently to share in the estate or the proceeds thereof or in the fund as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee, or otherwise except as a creditor. Held, that attorneys having a lien on the individual interest in the estate of an administratrix for services in procuring the probate of the will, and her appointment as administratrix with the will annexed, were entitled to petition for an accounting.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1975–1985; Dec. Dig. ⬅460.

For other definitions, see Words and Phrases, First and Second Series, Interest.]

Putnam, J., dissenting.

Appeal from Surrogate's Court, Kings County.

Petition by William H. Wood and another to compel compulsory accounting by Laura A. Cregan, as administratrix of Jane A. McKenna,

deceased. From an order of the Surrogate's Court denying their petition, the petitioners appeal. Reversed and remitted for further proceedings.

Argued before JENKS, P. J., and CARR, MILLS, RICH, and PUTNAM, JJ.

Harriette M. Johnston-Wood, of New York City, for appellants.
Sidney P. Henshaw, of New York City, for respondent.

MILLS, J. This is an appeal by petitioners from an order of the Surrogate's Court of Kings County denying their petition for a compulsory accounting by the respondent Laura A. Cregan as administratrix with the will annexed of Jane A. McKenna, deceased. The petition alleges that the petitioners, a firm of lawyers, rendered legal services of the reasonable value of $4,000 to the respondent Cregan, in procuring for her the probate, in said Surrogate's Court, of the will of one Jane A. McKenna, by which will the said respondent was sole legatee; and that by the proceedings conducted by the petitioners for the respondent the will was admitted to probate, she was appointed such administratrix, and as such administratrix she obtained the full estate left by said McKenna, amounting to $30,841, all of which will, upon the close of the administration, belong to the respondent individually as such sole legatee. The petition further alleges that the said Cregan has refused to pay the petitioners for their said services, and that the petitioners have therefore a lien upon the said estate in the hands of the said Cregan as such administratrix.

Upon the return of the citation issued to the respondent, she, by her attorney, moved to dismiss the petition upon the ground that the petitioners are not persons having an interest in the estate of the said McKenna; and the said surrogate, upon that ground alone, granted the motion, and the decree appealed from resulted.

The question involved here is whether or not the petitioners, upon the facts alleged in the petition, are persons "interested in the estate or fund," meaning the McKenna estate, in the hands of the administratrix within the meaning of subdivision 1a of section 2727 of the Code of Civil Procedure, as the term "interested" is defined in subdivision 11 of section 2768 of such Code.

[1] The petitioners here claim that, upon the facts alleged in their petition, they have a lien upon the interest of the said Cregan individually in the estate, which chances in this case to be the entire estate. I think that such claim should be sustained; and that, upon the facts so alleged, they have, under section 475 of the Judiciary Law, a lien for the value of their services upon the said Cregan's individual interest in the said estate.

[2, 3] The respondent's counsel here claims that, in the Surrogate's Court, they claimed a lien upon the estate itself; and that the surrogate dealt with the matter upon that basis; and the form of the petition accords with that view. Still if, upon the facts, they have a lien upon respondent's interest in the estate as such legatee, I can see no reason why the petition should have been denied. It would seem that the larger claim should be held to include the smaller. Respond-

ent's counsel, in his brief, cites Matter of Sayles, 57 Misc. Rep. 524, 109 N. Y. Supp. 972, in which a surrogate of Oneida county held that the holder of a judgment obtained against administrators for legal services rendered to them in the management of the estate was not, by virtue thereof, a person "interested in the estate," and therefore could not petition for a compulsory accounting, for the reason that the claim for such services was against the administrators personally. In that case, however, there was nothing to show that the administrators individually had any beneficial interest in the estate, which was, by lien or judgment, subject to the claim for such services. Here, upon the facts alleged in the petition, the petitioners have a lien upon the individual interest of the administratrix in the estate. Apparently counsel have been unable to find any other decision directly in point.

It seems to me, however, that the contrary view is, by fair implication, involved in the decision of this court in Matter of Ross, 123 App. Div. 74, 107 N. Y. Supp. 899, wherein this court held that an attorney could maintain, directly against the estate, a lien for the value of his services rendered in recovering moneys for the estate, although his client in the proceeding was an executor or administrator.

Also, in Matter of Regan, 167 N. Y. 338, 60 N. E. 658, the Court of Appeals held that the Surrogate's Court had power to vacate its decree rendered on a final accounting, because the same did not recognize and provide for the lien of attorneys upon the distributive interests in the estate for their services in the matter for the distributees.

It would seem, moreover, that the Surrogate's Court has, incidentally, power to determine the amount of the lien in a case where the lien exists against the estate. Matter of Smith, 111 App. Div. 23, 97 N. Y. Supp. 171.

According to said subdivision 11 of section 2768 of the Code, the expression "persons interested" includes "every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise except as a creditor." It seems to me that a person having a lien upon a legacy may be regarded as an equitable assignee of the legacy, in whole or in part, and as coming within the compass of the terms just quoted.

As to the lien acting as such assignment, see Close v. Shute, 4 Dem. Sur. 546, 548.

If the statement made by the late Surrogate Coffin, in the case just cited, that an attorney could have no lien for services in the Surrogate's Court, was at that time correct, it seems to have been later decided to the contrary. Matter of Regan, supra, 167 N. Y. 338, 60 N. E. 658.

I advise, therefore, that the order of the Surrogate's Court of Kings County be reversed, with $10 costs and disbursements, and that the matter be remitted to said court for further hearing and proceeding.

JENKS, P. J., and CARR and RICH, JJ., concur. PUTNAM, J., dissents.