In the Matter of the Petition of WILLIAM H. WOOD and
HARRIETTE M JOHNSTON-WOOD, Appellants, to Compel
LAURA A. CREGAN, Respondent, to Render and Settle Her
Account as Administratrix with the Will Annexed of JANE
A. McKENNA, Deceased.

(*Supreme Court, Appellate Division, Second Dept., December 30, 1915.*)

SURROGATE'S COURT—PERSONS "INTERESTED IN THE ESTATE OR FUND"
WITHIN MEANING OF SECTION 2727 OF THE CODE OF CIVIL PROCEDURE—
LIEN OF ATTORNEYS UPON CLIENT'S INDIVIDUAL INTEREST IN ESTATE—LIEN
UPON ESTATE—ACCOUNTING.

Attorneys who have furnished legal services in probating a will in
which their client, who is the sole legatee, is appointed administratrix,
and as such has obtained the entire estate which will eventually belong
to her individually, are persons "interested in the estate or fund" in
the hands of the administratrix, within the meaning of clause a of sub
division 1 of section 2727 of the Code of Civil Procedure, as amended,
as the term "interested" is defined in subdivision 11 of section 2768, as
amended.

Such attorneys have a lien under section 475 of the Judiciary Law for
the value of their services, upon their client's individual interest in the
estate and upon her refusal to pay are entitled to a compulsory ac-
counting.

A person having a lien upon a legacy may be regarded as an equitable
assignee of the legatee in whole or in part, and as being "persons inter-
ested" within the meaning of subdivision 11 of section 2768 of the Code,
as amended.

*It seems*, that the Surrogate's Court has, incidentally, power to deter-
mine the amount of a lien existing against the estate.

PUTNAM, J., dissented.

APPEAL by the petitioners, William H. Wood and another,
from an order of the Surrogate's Court of the County of Kings,
entered in said Surrogate's Court on the 5th day of April, 1915.

Harriette M. Johnston-Wood, for the appellants.

Sidney P. Henshaw, for the respondent.

Mills, J.—This is an appeal by petitioners from an order of the Surrogate's Court of Kings county denying their petition for a compulsory accounting by the respondent Laura A. Cregan as administratrix with the will annexed of Jane A. McKenna, deceased. The petition alleges that the petitioners, a firm of lawyers, rendered legal services of the reasonable value of $4,000 to the respondent Cregan in procuring for her the probate, in said Surrogate's Court, of the will of one Jane A. McKenna, by which will the said respondent was sole legatee; and that by the proceedings conducted by the petitioners for the respondent the will was admitted to probate, she was appointed such administratrix, and as such administratrix she obtained the full estate left by said McKenna, amounting to $30,841, all of which will, upon the close of the administration, belong to the respondent individually as such sole legatee.

The petition further alleges that the said Cregan has refused to pay the petitioners for their said services, and that the petitioners have, therefore, a lien upon the said estate in the hands of the said Cregan as such administratrix.

Upon the return of the citation issued to the respondent she, by her attorney, moved to dismiss the petition upon the ground that the petitioners are not persons having an interest in the estate of the said McKenna; and the said surrogate, upon that ground alone, granted the motion and the decree appealed from resulted.

The question involved here is whether or not the petitioners, upon the facts alleged in the petition, are persons " interested in the estate or fund," meaning the McKenna estate, in the hands of the administratrix within the meaning of clause a of subdivision 1 of section 2727 of the Code of Civil Procedure (as amd. by Laws of 1914, chap. 443), as the term " interested " is defined by subdivision 11 of section 2768 of such Code (as amd. by Laws of 1914, chap 443).

The petitioners here claim that, upon the facts alleged in

their petition, they have a lien upon the interest of the said Cregan individually in the estate, which chances in this case to be the entire estate.      I think that such claim should be sustained, and that, upon the facts so alleged, they have, under section 475 of the Judiciary Law (Consol. Laws, chap. 30; Laws of 1909, chap. 35), a lien for the value of their services upon the said Cregan's individual interest in the said estate.

The respondent's counsel here claims that, in the Surrogate's Court, they claimed a lien upon the estate itself, and that the surrogate dealt with the matter upon that basis; and the form of the petition accords with that view.      Still if, upon the facts, they have a lien upon respondent's interest in the estate as such legatee, I can see no reason why the petition should have been denied.      It would seem that the larger claim should be held to include the smaller.      Respondent's counsel, in his brief, cites Matter of Sayles (57 Misc. Rep. 524), in which a surrogate of Oneida county held that the holder of a judgment obtained against administrators for legal services rendered to them in the management of the estate was not, by virtue thereof, a person "interested in the estate," and, therefore, could not petition for a compulsory accounting, for the reason that the claim for such services was against the administrators personally.      In that case however, there was nothing to show that the administrators individually had any beneficial interest in the estate, which was, by lien or judgment, subject to the claim for such services.      Here, upon the facts alleged in the petition, the petitioners have a lien upon the individual interest of the administratrix in the estate.      Apparently counsel have been unable to find any other decision directly in point.

It seems to me, however, that the contrary view is, by fair implication, involved in the decision of this court in Matter of Ross (123 App. Div. 74), wherein this court held that an attorney could maintain, directly against the estate, a lien for the value of his services rendered in recovering moneys for the

estate, although his client in the proceeding was an executor or administrator.

Also in Matter of Regan (167 N. Y. 338) the Court of Appeals held that the Surrogate's Court had power to vacate its decree rendered on a final accounting, because the same did not recognize and provide for the lien of attorneys upon the distributive interests in the estate for their services in the matter for the distributees.

It would seem, moreover, that the Surrogate's Court has, incidentally, power to determine the amount of the lien in a case where the lien exists against the estate. (Matter of Smith, 111 App. Div. 23.)

According to said subdivision 11 of section 2768 of the Code (as amd. *supra*), the expression " persons interested " includes " every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor," It seems to me that a person having a lien upon a legacy may be regarded as an equitable assignee of the legacy, in whole or in part, and as coming within the compass of the terms just quoted.

As to the lien acting as such assignment, see Close v. Shute (4 Dem. 546, 548).

If the statement made by the late Surrogate COFFIN, in the case just cited, that an attorney could have no lien for services in the Surrogate's Court, was at that time correct, it seems to have been later decided to the contrary. (Matter of Regan, *supra.*)

I advise, therefore, that the order of the Surrogate's Court of Kings county be reversed, with ten dollars costs and disbursements, and that the matter be remitted to said court for further hearing and proceeding.

JENKS, P. J., CARR and RICH, JJ., concurred; PUTNAM, J., dissented.

Order of the Surrogate's Court of Kings county reversed, with ten dollars costs and disbursements, and matter remitted to said court for action in accordance with opinion of MILLS, J.