HENRY W. JESSUP, Appellant, v. GEORGE W. SMITH and Others, as Trustees under the Last Will and Testament of SAMUEL J. TILDEN, Deceased, and Others, Respondents.

(*Supreme Court, Appellate Division, First Dept., December* 30, 1915.)

EXECUTORS AND ADMINISTRATORS—TRUST—LIABILITY OF ESTATE FOR PAY-
MENT OF LEGAL SERVICES RENDERED TO TRUSTEES.

The obligation of a trustee or an executor for services rendered by an 'attorney to him as such trustee or executor imposes no obligation upon the estate, but is an individual obligation of the trustee or executor employing the attorney, which, in a proper case upon the settlement of the accounts of the trustee or executor, may be allowed to him out of the estate.

Hence, where an attorney has been retained by a trustee to resist an application for his removal and has been successful therein, but his services have no contract relation to the property of the estate, the court has no jurisdiction either at law or in equity to decree that the payment for such personal services rendered to the trustee shall be a charge upon either the principal or income of the estate.

McLAUGHLIN and SCOTT, JJ., dissented.

APPEAL by the plaintiff, Henry W. Jessup, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 11th day of June, 1915, dismissing the complaint on the merits upon the decision of the court after a trial at the New York Special Term.

Henry W. Jessup, appellant, in person.

Edwin D. Bechtel, for the respondent Randolph, as trustee, etc.

Thomas H. Wright, for the respondents Emily R. Tilden, as executrix, etc., and others.

INGRAHAM, P. J.—Plaintiff, an attorney at law, commenced this action to recover for services rendered by him as attorney at law at the request of George W. Smith, a trustee under the last will and testament of Samuel J. Tilden, deceased. The complaint alleges that the defendant George W. Smith is one of three executors and trustees named by the late Samuel J. Tilden in his last will and testament, which was admitted to probate on October 20, 1886; that one of the trustees, Andrew H. Green, died, and defendant Randolph was designated as executor and trustee under the will; that John Bigelow, another of the trustees, died in October, 1911, and no executor or trustee has been appointed in his place, that in October, 1913, a proceeding was brought to remove defendant Smith, upon the peititon of four beneficialies; that after that proceeding was brought defendant Smith, as one of the trustees, employed plaintiff to represent him in that proceeding, and at the request of said Smith as trustee plaintiff rendered services to oppose the removal of said Smith as executor and trustee, argued the matter in the Supreme Court and made a cross-application for the appointment of a third trustee; that the proceeding to remove Smith was dismissed and the application made by the plaintiff on behalf of Smith was granted and C. F. MacLean was appointed as trustee to succeed Mr. Bigelow, deceased; that there was an appeal from the order entered, to this court, where the plaintiff at the request of Smith as trustee represented Smith on said appeal, and the order denying the motion to remove Smith and appointing MacLean was affirmed; that the reasonable value of the services rendered by plaintiff at the request of said Smith as trustee was the sum of $1,750; that the plaintiff rendered a bill of his services to the three trustees, and demanded payment, and they have refused or neglected to pay. Plaintiff then pre-

sented an application to the Special Term of the Supreme Court to determine the value of the services, imposing the same upon the several interests of the beneficiaries by whom the proceedings had been initiated; and this was denied on the ground of lack of power in the court at Special Term. It is further alleged that the services rendered at the request of Smith were necessary and beneficial to the estate of Tilden and the integrity of the trust created by his will, and that plaintiff rendered his services upon the faith of the trust estate and in the expectation that the deceased's intent would be defeated if the proceeding against Smith as trustee were to succeed. The trust estate has been divided by the defendants, who are the trustees thereof, into certain trusts, pursuant to the will of Tilden, and the life tenants or remaindermen in such trusts are defendants. Plaintiff demands judgment determining the reasonable value of his services as attorney rendered as aforesaid to one of the three defendant trustees on the faith of the trust estate, and determining how the said services should be paid out of the trust estate, whether out of the principal or income thereof, and for other relief.

The court at Special Term filed a decision finding these facts, and further found that the proceedings for the removal of Smith related only to his position as trustee under the will, and that Smith's contract with the plaintiff was made as trustee and not as executor; that plaintiff was retained by Smith to represent him individually in the proceeding for his removal as trustee; that plaintiff rendered no services to the estate of Tilden or to the beneficiaries of said estate; and that the will of Tilden did not authorize Smith to employ plaintiff at the expense of the trust or the beneficiaries of said trust, and Smith was not authorized to make any agreement with the plaintiff to charge the trust with the cost of plaintiff's services; and as conclusions of law, that plaintiff was not entitled to recover from the Tilden trust or the interest of the beneficiaries

thereof for the services rendered by him, and was not entitled to a lien of any sort upon the funds of the estate of Tilden or the shares of the beneficiaries of said estate, and directing judgment for the defendants, dismissing the complaint upon the merits. Judgment was entered upon this decision dismissing the complaint, from which the plaintiff appeals.

It is elementary that the obligation of a trustee of a trust or an executor for services rendered by an attorney to him as such trustee or executor imposes no obligation upon the estate, but is an individual obligation of the trustee or executor employing the attorney, which in a proper case upon the settlement of the accounts of the trustee or executor can be allowed to him out of the estate. In Dodd v. Anderson (197 N. Y. 466), in speaking of the duty of an executor named in a will to submit it to probate, the court said: " He may cast the burden of the contest upon those who are to be benefited by the probate of the paper, or he may assume the burden himself. If he pursues the latter course he must be deemed to act with knowledge of the well-established legal rule that even a *de jure* executor cannot bind the estate which he represents by any contract of his own making, and that any liability which he incurs or expenditure which he makes under such a contract, is regarded as his personal obligation until it has been allowed to him upon the judicial settlement of his accounts."

In O'Brien v. Jackson (167 N. Y. 31) an action was brought against defendants, as executors and trustees under a will, to recover payments due on a contract for repairs made to some buildings of the testator which were devised to the defendants on certain trusts. On the trial the defendants made a motion to dismiss the complaint on the ground that it stated no cause of action against them in their representative capacity. The motion was denied and verdict rendered for the plaintiff. The court held that the action in its present form could not be maintained and that the defendants' motion to dismiss the com-

plaint as not stating a cause of action against them in their representative capacity should have been granted, saying: " The general rule is well settled in this State that executors or trustees cannot, by their executory contracts, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, bind the estate and thus create a liability not founded upon the contract or obligation of the testator," citing, among other cases, Ferrin v. Myrick (41 N. Y. 315), and quoting from the opinion in the latter case the reason for the rule.   That action being upon a contract to repair the property devised to the executors in trust, the trustees were empowered by the will to make the repairs out of which the action accrued, but the authority to incur expense did not imply the right to run in debt for it, and pledge or mortgage the trust estate for the payment of the debt; but what is a proper charge on the estate, and how that should be determined, are to be decided in proceedings between the trustee and the *cestui que trust.*

In Parker v. Day (155 N. Y. 383), a case of the employment of an attorney at law by an executor for services rendered in relation to claims against the estate, the court said: " With reference to the first contention the rule is well settled that the contracts of executors for services to be rendered are their personal contracts and do not bind the estate."

Applying this rule, we think the court below correctly dismissed the complaint.   The retainer of the plaintiff had relation to an application to remove Smith as one of the trustees. It had no connection with the property of the estate; was not to protect it; and related merely to the person who should in future execute the trust.   When Smith retained the plaintiff the other two trustees, so far as appears, took no part in the question of Smith's removal.   It was not treated by them as a matter involving the interest of the trust, and certainly had no relation to the property of the trust.   It is not necessary

upon this appeal to determine whether, when the accounts of the trustees come up for settlement, the court should allow this as an obligation incurred by Smith, to be paid from the property in the hands of the trustees; but the services rendered having no contract relation to the property of the estate, it seems to me clear that the court had no jurisdiction either at law or in equity to decree that the payment for these personal services rendered to Smith should be a charge upon either the principal or income of the estate. That Smith might have considered that his remaining as trustee was essential to the proper execution of the trust was no justification to him, in accomplishing that result, to incur an obligation which would impose a liability upon the estate, and at any rate his employment of the plaintiff did not, as I view it, impose any obligation upon the estate which could be enforced in an action at law or in equity against the property in the hands of the trustees.

I think, therefore, the judgment is right and should be affirmed, with costs.

LAUGHLIN and DOWLING, JJ., concurred; McLAUGHLIN and SCOTT, JJ., dissented.

Judgment affirmed, with costs.