MAURICE BRILL and SAMUEL BRILL, Plaintiffs, *v.* MARIA R. FRIEDHOFF and ANNA M. WUEHRMANN, as Surviving Executors under the Last Will and Testament of JOHN PETER FRIEDHOFF, Deceased, Defendants.

(Supreme Court, New York Trial Term, February, 1918.)

Lease — tenant's rights under — landlord and tenant — contracts — surety — executors and administrators.

Where after the death of the guarantor on a lease his widow as an individual, though she was one of the executors of his estate, became vested to the title to the tenant's right under the lease, such act not being necessary to conserve her testator's estate, and thereafter by an agreement with the landlords reciting that she had become the owner and holder of the

lease "and is now in possession of the premises" assumes the payment of the rent reserved by the original lease, an agreement made synchronously, by the executors and trustees of the surety's estate to guarantee the payment of the rent reserved in said lease creates no liability against the estate of the surety.

A contention that as by the aforementioned agreement of the executors and trustees the original lease, except as modified, was in terms "fully ratified and confirmed" the liability of the original tenant was preserved, *held* untenable, because the transferee of the tenant's rights could not bind the estate of the surety although she did attempt as executrix to bind said estate to carry out the agreement she had executed as tenant.

ACTION upon a written lease.

Feiner & Maass (Ira Skutch, of counsel), for plaintiffs.

William Bondy, for defendants.

NEWBURGER, J. The complaint alleges that on the 30th day of October, 1907, the plaintiffs entered into an agreement in writing with one Henry C. Meyer whereby they leased to said Meyer the premises No. 51 Cortlandt street, this city, for the term of twelve years from the 1st day of October, 1907, at the yearly rent of $9,000, to be paid in monthly installments of $750 on the first day of each month until the 1st day of May, 1909, and for the balance of the term at the yearly rent of $11,500, payable monthly, and that the said Meyer should pay all taxes and assessments levied on said premises; that one John Peter Friedhoff, in consideration of the making of the lease by plaintiffs to Meyer, and of one dollar paid, expressly covenanted and agreed that the said Meyer should observe and fulfill the terms, covenants and conditions of said lease, and that the said John P. Friedhoff should be liable to plaintiffs on account of or by reason of any damage, loss or injury that should be sustained by the said plaintiffs by the breach or failure of the said Meyer to

perform any of the covenants, conditions or reservations in said lease, and that said covenants should be binding on the parties and their legal representatives and assigns; that the said John P. Friedhoff died on the 29th day of July, 1910, and that the defendants were appointed and qualified as executors of the estate; that Meyer transferred the said lease and title therein was vested in the defendant Maria R. Friedhoff about the 11th day of February, 1915; that on the 17th day of April, 1915, the plaintiffs, as landlord, and the said Maria R. Friedhoff, as tenant, entered into an agreement whereby the plaintiffs waived the payment of all taxes after the 2d day of May, 1915, as part of the rent, and the said Maria R. Friedhoff assumed the payment of the rent reserved under said lease, except as modified; that said modification and assumption of the lease by said Maria R. Friedhoff, tenant, was consented to by the defendants, and the defendants covenanted and guaranteed the payment of the rent and all other sums to be paid by the tenant; that the said Meyer and the said Maria R. Friedhoff have failed to pay the rentals for May, June, July, August, September and October, 1916, and the water taxes for the period from August 13, 1914, to March 3, 1916. The answer admits all the allegations of the complaint, but sets up that before the rent sued for became due there was a surrender and acceptance of the premises; that the plaintiffs accepted the said Maria R. Friedhoff as sole tenant and released Meyer, and that the defendants had no authority to agree to pay the rent or guarantee the performance of the lease by the said Maria R. Friedhoff. On the trial the facts alleged in the pleadings were undisputed. The agreement between plaintiffs and Maria R. Friedhoff, after referring to the lease from the plaintiffs to Meyer, recites that the said Maria R. Friedhoff has become

the owner and holder of the lease, *and is now in possession of the premises,* and releasing the said Maria R. Friedhoff, as tenant, from the payment of all land taxes assessed after May 2, 1915. This agreement is signed by the said Maria R. Friedhoff, individually, and appears to have been executed and acknowledged on the 17th day of April, 1915. On the 29th day of May, 1915, Maria R. Friedhoff made an affidavit, in which she states that she is the sole owner of the lease made to Meyer by plaintiffs, and that the affidavit was made to induce plaintiffs to deal with her as the sole owner of the lease and tenant in possession. The affidavit further states that Meyer assigned the lease to the defendants herein on the 17th day of December, 1912, and it was assigned by the defendants to the Hub Café Corporation on November 30, 1914, and assigned by the said Hub Café Corporation to the Cortland Café Corporation December 18, 1914, and then assigned to the defendant Maria R. Friedhoff, February 11, 1915. On the same day the defendants Maria R. Friedhoff and Anna M. Wuehrmann, as trustees and executors under the last will of John P. Friedhoff, in writing, consented to the modification of the lease to Meyer, and agreed, as executors and trustees, to perform the covenants of the lease with the modification, and *guarantee the payment of the rent* and other sums reserved in said lease without notice, and then further provides that nothing herein contained shall be construed as creating any personal liability of these defendants. The agreement signed by the defendants as executors and trustees, although dated May 29, 1915, was delivered, as testified to, simultaneously with the agreement of modification. The rent unpaid, and for which this action is brought, is for a period subsequent to these agreements and during the tenancy of the defendant Maria R. Friedhoff. Plaintiffs brought an

action against Maria R. Friedhoff for rent for the period from April 1, 1916, up to and including August, 1917, and for certain Croton water rates commencing August 13, 1914, and ending August 1, 1917, which resulted in the entry of a judgment against the said Maria R. Friedhoff by default on the 2d day of September, 1917, for the sum of $15,624.57. The complaint in this action clearly discloses that plaintiffs recognized the said Maria R. Friedhoff as the tenant. It must be assumed that the rent from the date of her recognition as tenant by the plaintiffs between the 17th day of April, 1915, and April, 1916, the date of the first default in the payment of the rent, was paid by her and accepted by the plaintiffs. See *Vandeker* v. *Reeves,* 40 Hun, 430; *Gray* v. *Kaufman Dairy & I. C. Co.,* 162 N. Y. 388. Did the defendants in the execution of this agreement create a liability for the estate not founded upon the contract or obligation of the testator, and did the defendants exceed their authority in consenting to continue the guaranty of their testator? The defendant Maria R. Friedhoff in accepting the lease was not acting in her representative capacity. She was engaged in business not connected with the administration of her testator's estate. It nowhere appears that her act was necessary to conserve the estate. In *Murphy* v. *Ottmann,* 127 App. Div. 565, it was held that the guarantor remained liable for the default of the tenant alone. See *Page* v. *Krekey,* 137 N. Y. 315. The contention of plaintiffs' counsel that the provision in the agreement with Maria R. Friedhoff that the original lease is in all respects, except as modified therein, " fully ratified and confirmed,".preserves the liability of the original tenant is untenable for the reason that Maria R. Friedhoff, as the tenant, could not bind the estate, although she did in another agreement attempt, as executrix, to bind the estate to carry out the agree-

ment she had executed as tenant. But it is contended that the act of Maria R. Friedhoff did not increase the obligation of the estate for the reason that, in securing from the plaintiffs a reduction in the amount of rent to be paid under the original lease, she acted for the best interest of the estate. As was said by Mr. Justice Cullen in *O'Brien* v. *Jackson,* 167 N. Y. 33: " The general rule is well settled in this state that executors or trustees cannot, by their executory contracts, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, bind the estate and thus create a liability not founded upon the contract or obligation of the testator. (*Ferrin* v. *Myrick,* 41 N. Y. 315; *Austin* v. *Munro,* 47 N. Y. 360; *Matter of Van Slooten* v. *Dodge,* 145 N. Y. 327; *Parker* v. *Day,* 155 N. Y. 383.)" The evidence clearly shows that the acts of the plaintiffs released the estate of John P. Friedhoff from any obligations under the lease to Meyer, and the acts of the defendants were personal and cannot be construed as binding upon the estate they represent. For the reasons stated judgment is directed for the defendants.

Judgment accordingly.