In the Matter of the Estate of RUDOLPH WINKELMANN, Deceased.

Surrogate's Court, Kings County, February 4, 1935.

*Petersen, Steiner & Kohan,* for Joseph H. Kohan, attorney in fact, for Alvine von Brockel and others.

*Conrad V. Quist,* petitioner in person.

WINGATE, S. This is an application for the issuance of letters c. t. a. The petition is made by the attorney for the deceased executor, who claims to be a creditor of the estate by reason of services rendered to such executor. His prayer is that such letters issue to him or to such other person as may be determined to be entitled to receive them. All of the legatees are non-resident aliens. It is agreed that the distributable balance of the estate amounts approximately to $400.

The application is opposed by an attorney in fact for certain of the non-resident alien legatees who seeks the letters for himself. His powers of attorney are over ten years old and whereas there may be an inference of fact of continuance of life of their donors, the lapse of time renders his status somewhat tenuous. He insists that by reason of a clause in his powers of attorney authorizing him to deduct as his remuneration ten per cent of the amounts received on behalf of his principals and the fact that almost ten years ago he instituted a compulsory accounting proceeding against

the deceased executor which proved abortive by reason of his death, that he has a " lien upon the assets of the estate." He cites as authority for his position *Matter of Wood* (170 App. Div. 533).

As the court reads this case, it is not in point. Even if it were, however, it would establish no more than that the respondent is a creditor. Under section 133 of the Surrogate's Court Act the only provision for issuance of letters c. t. a. to a creditor is contained in subdivision 5, which provides that if none of the distributees under the will or their guardians or committees, if any, or the public administrator will accept, the surrogate may designate " any creditor or competent person."

If the present applicant is a creditor, he is obviously to be preferred to the respondent, since his association with the affairs of the estate by reason of service as attorney for the deceased executor would tend to the advantage of all concerned. The respondent denies that he is a creditor. Even were the question material to a decision, it would be an absurdity to litigate his status in connection with a matter of this insignificant size. In the opinion of the court, however, the question is immaterial. He is unquestionably " competent " in the sense in which the word is used in the section, which corresponds to the connotation in which the same word is employed in section 94 (*Matter of MacMillan*, 133 Misc. 570, 571), and under the terms of the section no preference is given to a creditor over any other " competent " person.

Since in the opinion of the court the present applicant is better qualified to administer the small remnant of the estate economically and efficiently than any other person, letters will be issued to him upon his due qualification if the public administrator renounces as the court has been informed he is willing to do.

Enter decree on notice.